An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW D. MANSUR,
Appellant,
vs.
ROBIN E. AREVALO MANSUR, N/K/A
ROBIN E. KAZEL,
Respondent.

No. 63868

FILED

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a fast track child custody appeal from a post-divorce decree order regarding custody. Second Judicial District Court, Washoe County; Linda M. Gardner, Judge.

Under the parties' divorce decree, respondent was awarded primary physical custody of the parties' minor child and appellant was awarded visitation. Several years later, respondent made allegations that appellant had sexually abused the child. The allegations were unsubstantiated and there was some indication of parental alienation by respondent. Appellant's visitation was limited to supervised visitation, but the child refused to exercise visitation with appellant. The district court ordered the parties to work towards reunifying appellant with the child. In a December 7, 2011, order, the district court ordered that appellant have one hour a month supervised visitation with the child and appointed the child a guardian ad litem. The guardian ad litem submitted a report to the court recommending that the child undergo weekly therapy for at least six months.

Based on the guardian ad litem's report, the district court entered an order appointing a therapist for the child and directing the therapist to provide the court with progress reports and a recommendation regarding whether reunification was in the child's best interest. On

14-15695

January 3, 2013, the child's therapist submitted a report recommending that appellant and respondent should attend family therapy. If family therapy was unsuccessful, the therapist recommended that appellant and respondent attend therapy individually. In light of the therapist's recommendation, appellant filed the underlying motion requesting that the district court order family therapy and reunification with the assistance of a counselor. The district court construed appellant's motion as a motion to modify custody and denied it on the basis that no change in circumstances had occurred that warranted modification.

Having considered the parties' arguments and the record on appeal, we conclude that the district court abused its discretion in denying appellant's motion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court will not disturb a custody decision absent a clear abuse of discretion). The district court failed to adequately consider the January 3, 2013, report from the therapist for taking steps towards reunification, including the recommendation that appellant and respondent participate in family therapy. Further, the district court did not acknowledge that under the December 7, 2011, order, appellant was to have one hour of supervised visitation each month, and it appears from the record that the visitation has never been suspended.

Rather, in denying appellant's motion, the district court effectively terminated reunification between appellant and the child. We have previously recognized that it is in the child's best interest to have a relationship with both parents. *See Schwartz v. Schwartz*, 107 Nev. 378, 382, 812 P.2d 1268, 1270 (1991) (providing that "it is in the best interests of a child to have a healthy and close relationship with both parents" (internal quotation marks omitted)). Additionally, the district court's order left appellant with no means to see his child. *See In re Parental*

*Rights as to A.G.*, 129 Nev. ___, ___, 295 P.3d 589, 595 (2013) (recognizing that parents have "a fundamental liberty interest in the care, custody, and control of their children"). Therefore, as the district court failed to consider the fact that appellant was entitled to supervised visitation with the child pursuant to the December 7, 2011, order, failed to consider the therapist's recommendation for family therapy to facilitate reunification, and failed to consider whether it was in the child's best interest to continue to have a relationship with both parents, we conclude that the district court abused its discretion in denying appellant's motion and effectively terminating reunification. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                  Cherry

---

[1]In regard to appellant's argument that the district court should not have considered respondent's untimely opposition to his motion, we conclude that that argument lacks merit. *See Lesley v. Lesley*, 113 Nev. 727, 734, 941 P.2d 451, 455 (1997) (providing that Nevada has a basic underlying policy in favor of deciding cases on their merits, especially in domestic relations matters) *overruled on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 950 P.2d 771 (1997). To the extent that this order does not address any additional arguments raised by appellant, we conclude that those arguments are unnecessary to our resolution of this appeal.

cc: Hon. Linda M. Gardner, District Judge
Margaret M. Crowley, Settlement Judge
Anderson Keuscher, PLLC
Robin E. Kazel
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A