# IN THE SUPREME COURT OF THE STATE OF NEVADA

MASSOUD AARON YASHOUAFAR, AN INDIVIDUAL; SOLYMAN YASHOUAFAR, AN INDIVIDUAL; S & R EQUITIES, L.P., A NEVADA LIMITED PARTNERSHIP; HEXAGON HOLDINGS LIMITED, LP, A CALIFORNIA LIMITED PARTNERSHIP; THE 4D TRUST, DATED AUGUST 15, 2002; MILBANK REALTY GROUP, INC., A CALIFORNIA CORPORATION; MILBANK RESIDENTIAL REALTY, INC., A CALIFORNIA CORPORATION; MILBANK HOLDINGS CORPORATION, A CALIFORNIA CORPORATION; MADISON EQUITIES, L.P., A NEVADA LIMITED PARTNERSHIP,
Appellants,
vs.
PARADISE SPA OWNERS' ASSOCIATION, INC., A NEVADA NON-PROFIT CORPORATION; WILLIAM O'DONNELL, INDIVIDUALLY AND AS PRESIDENT OF PARADISE SPA OWNERS' ASSOCIATION; MARCIA BREON, INDIVIDUALLY AND AS TREASURER OF PARADISE SPA OWNERS' ASSOCIATION; CARY BELKIN, INDIVIDUALLY AND AS VICE PRESIDENT AND SECRETARY OF PARADISE SPA OWNERS' ASSOCIATION; AND BEN SMITH, INDIVIDUALLY AND AS DIRECTOR ON THE BOARD OF DIRECTORS OF PARADISE SPA OWNERS' ASSOCIATION,
Respondents.

No. 65841

FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for NRCP 60(b) relief. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

16-04678

Having considered the parties' arguments and the record, we perceive no reversible error in the district court's decision not to vacate the judgment entered against appellants. As a threshold matter, we disagree with appellants' jurisdictional argument, as NRS 38.300(3) specifically states that a "[c]ivil action . . . . does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm." Here, the underlying lawsuit was not a "civil action" for purposes of NRS 38.300-.360 when appellants commenced it because appellants faced an immediate threat of irreparable harm at that time. Because NRS 38.310 only prohibits "commencement" of a civil action without first submitting the action to NRED, the district court was not required to dismiss appellants' underlying action once the preliminary injunction was dissolved even if appellants' action may arguably have become a "civil action" for purposes of NRS 38.300-.360 at that point. Moreover, we agree that the district court had jurisdiction to adjudicate respondents' counterclaims. *State v. Capital Convalescent Ctr.*, 92 Nev. 147, 151-52, 547 P.2d 677, 680 (1976).

We also disagree with appellants' argument that the district court violated *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997). To the contrary, in their NRCP 60(b) motion, appellants expressly stated that the district court should treat a March 25, 2014, motion as if it were appellants' opposition to respondents' February 20, 2014, motion for partial summary judgment. Thus, we perceive no error in the district court's decision to treat the March 25 motion as such. We likewise perceive no abuse of discretion in the district court's decision to exclude the evidence proffered in conjunction with the March 25 motion on the ground that it had not been timely produced during discovery. *See Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev., Adv. Op. 81, 312 P.3d

503, 507 (2013) (observing that the district court has discretion to admit or exclude proffered evidence); *cf. Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 666, 262 P.3d 705, 712 (2011) (observing that the district court has discretion to grant or deny a request to reopen discovery); *Dornbach v. Tenth Judicial Dist. Court*, 130 Nev., Adv. Op. 33, 324 P.3d 369, 373-74 (2014) (recognizing that district courts have "inherent" case-management authority). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc: Hon. Ronald J. Israel, District Judge
Persi J. Mishel, Settlement Judge
Barnett Csoka
Solomon Dwiggins & Freer, Ltd.
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk