15-2249-cv
Tapper v Hearn

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued:  April 25, 2016      Decided: August 10, 2016)

Docket No. 15-2249-cv

_____

MARLENE TAPPER; YVETTE VELAZQUEZ BENNETT; VIVIANNA
VAZQUEZ-HERNANDEZ; ROBERT PEREZ; FRAN REITER; SHEILA
ANDERSEN-RICCI; MARTINA FRANCA ASSOCIATES LLC; REITER
BEGUN ASSOCIATES, LLC; DENIS GITTENS; OSCAR PEREZ; THE KINGS
COUNTY COMMITTEE OF THE NEW YORK STATE CONSERVATIVE
PARTY; THE NEW YORK STATE CONSERVATIVE PARTY; and
MARTIN DILAN,

*Plaintiffs-Appellants*,

v.

ROSE GILL HEARN, in her official capacity as a New York City Campaign
Finance Board Chair; ART CHANG, RICHARD J. DAVIS, COURTNEY C.
HALL, and MARK S. PIAZZA, in their official capacities as New York City
Campaign Finance Board members; MARK DAVIES, in his official capacity as
New York City Conflicts of Interest Board Executive Director; RICHARD
BRIFFAULT, in his official capacity as New York City Conflicts of Interest
Board Chair; FERNANDO BOHORQUEZ, JR., ANTHONY CROWELL,
ANDREW IRVING, and ERIKA THOMAS-YUILLE, in their official capacities
as New York City Conflicts of Interest Board members; and MICHAEL
McSWEENY, in his official capacity as New York City Clerk,

*Defendants-Appellees.*[*]

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:

WALKER, CALABRESI, AND HALL, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Swain, *J.*) that denied plaintiffs' motion under Fed. R. Civ. P. 60(b) seeking reconsideration of the district court's February 2009 order, subsequently affirmed by this Court, in which the district court had granted summary judgment to defendants and dismissed plaintiffs' claims challenging the constitutionality of New York City's "pay to play" campaign finance provisions.

AFFIRMED.

JAMES BOPP, JR., Randy Elf and Anita Y. Milanovich (on the brief), The Bopp Law Firm, P.C., Terre Haute, IN, *for Plaintiffs-Appellants.*

JANE L. GORDON, Richard Dearing (of counsel), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees*.

[*] The clerk of court is requested to amend the official caption in this case to conform to the listing of the parties above.

HALL, *Circuit Judge*:

Plaintiffs appeal from an order of the United States District Court for the Southern District of New York (Swain, *J.*) denying their October 2014 motion under Fed. R. Civ. P. 60(b)(5) and (6) for reconsideration of the district court's February 2009 summary judgment decision, which denied plaintiffs a preliminary and permanent injunction, granted defendants' summary judgment motion, and dismissed plaintiffs' claims challenging the constitutionality of certain contribution restrictions within New York City's campaign finance laws.[1] In their February 27, 2008 amended complaint, plaintiffs—a group of New York City voters, aspiring candidates, lobbyists, and affiliated individuals and entities—claimed, as relevant here, that the laws' restrictions on contributions unduly burdened their protected political speech in violation of the First Amendment and denied them equal protection of the laws in violation of the Fourteenth Amendment. Plaintiffs moved for a preliminary injunction against defendants—members of New York City's Campaign Finance Board and other City representatives (collectively "the City"). In its February 2009 summary

---

[1] Plaintiffs also challenged other provisions of New York City's campaign finance laws. The district court addressed these remaining claims in various orders subsequent to its February 2009 summary judgment decision. This appeal, however, concerns only those provisions of the campaign finance laws upheld in the district court's February 2009 summary judgment order.

judgment decision the district court denied plaintiffs' request for injunctive relief and dismissed their claims challenging the constitutionality of the contribution restrictions. *Ognibene v. Parkes* (*Ognibene I*), 599 F. Supp. 2d 434 (S.D.N.Y. 2009). This Court affirmed that decision. *Ognibene v. Parkes* (*Ognibene II*), 671 F.3d 174 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 28 (2012). Several years later, the Supreme Court issued its decision in *McCutcheon v. FEC*, 134 S. Ct. 1434 (2014). Plaintiffs contend that *McCutcheon* has altered in their favor the jurisprudence governing campaign finance. Using *McCutcheon* as their sword, plaintiffs now seek to reattack the district court's February 2009 order that denied them injunctive relief and that upheld as constitutional the challenged provisions of the City's laws. For the following reasons we affirm the district court's decision to deny plaintiffs' motion for reconsideration.

## BACKGROUND

Subject of this challenge are three provisions of New York City's Administrative Code commonly known as the "pay to play" rules. These provisions (1) lower the generally applicable base campaign contribution limits for people engaged in business dealings with the City, *see* N.Y.C. Admin. Code §§ 3-703(1-a), 3-719(2)(b) (the "doing business contribution limits"); (2) deny

4

matching funds, which are otherwise generally available, for any contribution made by people engaged in business dealings with the City and certain people associated with lobbyists, *see* N.Y.C. Admin. Code §§ 3-702(3), 3-703(1-a) (the "non-matching funds provision"); and (3) extend the existing prohibition on corporate contributions to partnerships, LLCs, and LLPs, *see* N.Y.C. Admin. Code §§ 3-703(1)(*l*), 3-719(2)(b) (the "entity contribution ban").

In the course of deciding *Ognibene I*, the district court consolidated plaintiffs' motion for a preliminary injunction with the merits of their claim for permanent injunctive relief. Pursuant to the Supreme Court's then-existing framework for analyzing challenges to restrictions on political campaign contributions, the district court upheld all three "pay to play" rules, finding them to be "closely drawn" to achieve a sufficiently important governmental interest, namely, addressing reasonable concerns about actual or apparent corruption with respect to campaign contributions. *See Ognibene I*, 599 F. Supp. 2d at 444-61. On appeal, the three judges of this Court each wrote separately to clarify their views on the law applicable to various issues that do not bear on our holding today. Ultimately, they affirmed the district court's decision. *See Ognibene II*, 671 F.3d at 177.

In April 2014, the Supreme Court decided *McCutcheon v. FEC*. In October 2014, plaintiffs moved under Rule 60(b)(5) and (6)[2] for relief from the February 2009 judgment in light of *McCutcheon*. Plaintiffs contend in their motion that *McCutcheon* established, *inter alia*, a more rigorous standard of review with respect to the government's burden of proof and what constitutes a permissible governmental interest, a standard under which the "pay to play" rules do not pass muster. Plaintiffs argued that because these unconstitutional provisions had continued to chill their protected political speech, they were entitled to relief under Rule 60(b). By order dated June 9, 2015 the district court denied the motion, finding that *McCutcheon* did not clearly compel a result different from that reached by this Court in *Ognibene II* and that plaintiffs failed to demonstrate the extraordinary circumstances necessary to justify relief under the applicable Rule 60(b) provisions. Plaintiffs timely filed this appeal.

---

[2] These provisions of Rule 60 read:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

## DISCUSSION

Plaintiffs' arguments on appeal rely entirely on Rule 60(b)(5). This subsection provides, as relevant here, that a court "may relieve a party . . . from a final judgment, order, or proceeding" where "applying [the judgment] prospectively is no longer equitable." Although not addressed by the parties or the district court, we solicited and received supplemental briefing from the parties on the following threshold issue:

> Whether the third clause of Federal Rule of Civil Procedure 60(b)(5)—covering circumstances in which "applying [a final judgment] prospectively is no longer equitable"—is properly invoked to "relieve a party . . . from a final judgment" where no injunction or other order with direct prospective force has been entered, *see Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 27-28 (1st Cir. 2009), and as to which the mandate has issued and certiorari review has been denied or the time for seeking such review has expired.

Supp. Br. Order (April 28, 2016). In their supplemental letter brief plaintiffs answer the question in the affirmative and assert there are two prospective effects of the district court's February 2009 order that entitle them to relief from it: (1) it "establishes an affirmative, judicial sanction for the chill of Plaintiffs' First Amendment rights," Appellants' Supp. Ltr. Br. at 5, and (2) its *res judicata* effect prevents plaintiffs from vindicating their rights in a new action. For the following reasons we conclude that neither of these purported effects, considered

alone or in combination, satisfies the threshold requirement under the third clause of Rule 60(b)(5) that the judgment sought to be reconsidered apply prospectively.

"Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citing *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982)). Although "it should be broadly construed to do substantial justice, . . . final judgments should not be lightly reopened." *Id.* (quotations omitted).

To that end, the third clause of subsection (5) aims to ensure equitable results, but it covers only final judgments that "apply[] . . . prospectively." Fed. R. Civ. P. 60(b)(5). Neither the Rule nor the accompanying Advisory Committee Notes define what constitutes a prospective application. Of course, "[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). "That a court's action has continuing consequences, however, does not necessarily mean that it ['appl[ies] . . . prospectively'] for the purposes of Rule 60(b)(5)." *Id.* Such a broad

8

interpretation of this provision would render the word "prospectively" superfluous and eviscerate the principle of finality.

The history of Rule 60(b)(5) supports a more reasonable construction. The third clause of subsection (5), added by amendment in 1948, codified a power that courts had long been exercising: to modify their decrees or injunctions in light of changed circumstances. *See Twelve John Does*, 841 F.2d at 1139 (analyzing the seminal Supreme Court cases *United States v. Swift & Co.*, 286 U.S. 106 (1932)—in which the Court considered modifying a consent decree that imposed restrictions on meat-packing businesses named in a Sherman Anti-Trust Law action in light of significant changes to the nature of the meat-packing industry— and *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. (18 How.) 421 (1856)— in which the Court dissolved its prior injunction ordering that a particular bridge be removed as an unconstitutional obstruction to commerce after Congress subsequently declared the bridge to be a lawful structure). To be sure, the "prospective application" clause is not strictly limited to injunctions or even equitable remedies. *See, e.g., In re Racing Servs., Inc.*, 571 F.3d 729, 733-34 (8th Cir. 2009) (applying the provision to a bankruptcy court subordination order). Indeed, "[a]ny such restriction would be inconsistent with the merger of law and

equity." 11 Fed. Prac. & Proc. Civ. § 2863 (3d ed. 2016). But because the third clause of Rule 60(b)(5) is rooted in the "traditional power of a court of equity to modify its decree in light of changed circumstances," *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004), a final judgment or order has "prospective application" for purposes of Rule 60(b)(5) only where it is "'executory' or involves 'the supervision of changing conduct or conditions,'" *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275 (2d Cir. 1994) (quoting *Twelve John Does*, 841 F.2d at 1139).

While we have made clear that orders or judgments that provide for ongoing injunctive relief fall squarely within these limits, *see id.*, we have not yet had the occasion to review the denial of a Rule 60(b)(5) motion in which, as here, the movants seek reconsideration of an order *dismissing* their request for injunctive relief. Our precedent nevertheless provides some guidance. In *Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754 (2d Cir. 1986), we noted in dicta that "it is doubtful that the preclusive nature of a dismissal with prejudice is a prospective effect under the rule." *Id.* at 757 n.4. In *DeWeerth*, we explained further that a judgment is not prospective under Rule 60(b)(5) where its only prospective effect is to preclude relitigation of the issues decided. *DeWeerth*, 38 F.3d at 1276.

Numerous other circuits have considered issues substantially similar to the one before us today, and all have held that a judgment or order of dismissal or a judgment or order denying a plaintiff injunctive relief, as was entered in February 2009 in this case, does not apply prospectively within the meaning of Rule 60(b)(5). *See Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 27-28 (1st Cir. 2009) (holding district court's dismissal of plaintiffs' complaint challenging constitutionality of law did not have prospective application under Rule 60(b)(5)); *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (holding summary judgment order upholding constitutionality of law against plaintiffs' challenge did not have prospective application under Rule 60(b)(5)); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271-73 (3d Cir. 2002) (holding judgment dismissing with prejudice plaintiff's constitutional claims not prospective under Rule 60(b)(5) notwithstanding any *res judicata* effect); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990) (holding final judgment of dismissal not prospective under Rule 60(b)(5) where *res judicata* is only prospective effect); *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1156 (11th Cir. 1984) (holding judgment dismissing action for failure to prosecute was "final and permanent" and thus not prospective under Rule

11

60(b)(5)); *see also Dowell by Dowell v. Bd. of Educ.*, 8 F.3d 1501, 1509 (10th Cir. 1993) (judgment dissolving school-desegregation decree did not have prospective effect required by Rule 60(b)(5)); *Schwartz v. United States*, 976 F.2d 213, 218 (4th Cir. 1992) (holding judgment memorializing settlement agreement not prospective under Rule 60(b)(5) where all duties under agreement had been performed).

Even assuming *arguendo* that *McCutcheon* uprooted the legal foundation of *Ognibene I* and *II* such that those decisions are wrong and the "pay to play" rules are unconstitutional, plaintiffs are barred from using Rule 60(b)(5) as a vehicle for seeking relief from the February 2009 order because that order does not have prospective application. Plaintiffs argue that the February 2009 order does apply prospectively in that it sanctions and enables a continuing unconstitutional chill of plaintiffs' First Amendment rights. This argument misses the mark, however, because any chill plaintiffs continue to experience results from the "pay to play" rules themselves, not the order rejecting plaintiffs' challenge to those rules. The February 2009 order was immediately final and required nothing of the parties or the district court going forward; it did not apply prospectively. *See DeWeerth*, 38 F.3d at 1275; *Twelve John Does*, 841 F.2d at 1139 ("That plaintiff remains bound

12

by the [judgment of] dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him." (quoting *Gibbs*, 738 F.2d 1156)).

Plaintiffs contend that the *res judicata* effect of the February 2009 order renders it prospective under Rule 60(b)(5). But *res judicata* is precisely the type of effect that we rejected in *DeWeerth* as insufficient to meet the rule's prospective application requirement, 38 F.3d at 1276, and that our sister circuits have also uniformly determined not to be cognizable under Rule 60(b)(5) as the basis for determining that a judgment applies prospectively, *see, e.g.*, *Comfort*, 560 F.3d at 28; *Coltec Indus., Inc.*, 280 F.3d at 272; *Picco*, 900 F.2d at 851; *Gibbs*, 738 F.2d at 1156.

We need not go further. That a judgment or order sought to be modified has prospective force is an indispensable condition for obtaining relief from that judgment or order under the third set of circumstances listed in Rule 60(b)(5). *See Comfort*, 560 F.3d at 28. The fact that the district court's prior dismissal was not executory and did not leave open future adjudication of any issues regarding the rights of the parties now at issue here and before the district court is fatal to plaintiffs' claim under that provision.

Finally, plaintiffs state in passing, alternatively, that they are entitled to relief under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). That argument fails. Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and "there are extraordinary circumstances justifying relief." *Nemaizer*, 793 F.2d at 63. "[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004), and "the interest in finality outweighs" the losing party's concern "that justice was not done," *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013). Plaintiffs do not assert a basis for relief under subsection (6) that is separate from the basis asserted under subsection (5), nor do they set forth "extraordinary circumstances" justifying relief apart from asserting the same injuries they have alleged in their complaint—that the "pay to play" rules deprive them of their expressive and associational rights and are thus unconstitutional. That failure is fatal to their claim under Rule 60(b)(6).

# CONCLUSION

For the foregoing reasons the district court's decision is affirmed.