15-3844-bk
*In re: Emmons-Sheepshead Bay Dev.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
DENNY CHIN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: EMMONS-SHEEPSHEAD BAY
DEVELOPMENT, LLC,
*Debtor,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

METROPOLITAN ESTATES, INC., ALBERT WILK,
derivatively on behalf of Emmons Avenue, LLC,
DBA Wilk Real Estate, Ltd., ALEX DIKMAN,
*Plaintiffs-Appellants,*

v.                                              15-3844-bk

EMMONS-SHEEPSHEAD BAY DEVELOPMENT,
LLC,
*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        Karamvir Dahiya, Dahiya Law Offices LLC, New York, New York.

FOR DEFENDANT-APPELLEE:        Lori Schwartz, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants appeal the district court's judgment entered November 18, 2015 affirming the orders of the bankruptcy court dismissing their amended complaint in an adversary proceeding against defendant-appellee Emmons-Sheepshead Bay Development, LLC ("Emmons"). By order entered December 19, 2014, the bankruptcy court (Stong, *B.J.*) dismissed the amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). By order entered April 24, 2015, the bankruptcy court denied plaintiffs' motion to vacate, alter, or reconsider the dismissal. On November 17, 2015, following oral argument, the district court affirmed the bankruptcy court's orders, ruling from the bench. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiff-appellant Metropolitan Estates, Inc. ("Metropolitan") invested in a condominium development known as "The Breakers at Sheepshead Bay Condominium"

(the "Property"). Plaintiffs-appellants Alex Dikman and Albert Wilk are principals of Metropolitan. The Property was conveyed to Emmons in 2007. The amended complaint identifies non-party Jacob Pinson as a member of Emmons.

In August 2012, Pinson filed for bankruptcy protection under Chapter 11 on behalf of Emmons and, according to plaintiffs, undervalued the Property at $14 million when it was actually worth more than $30 million. In July 2013, the bankruptcy court confirmed Emmons's proposed plan of reorganization despite plaintiffs' objection that the plan had not been proposed in good faith. The bankruptcy court denied plaintiffs' motion for reconsideration in August 2013, and the district court (Mauskopf, *J.*) denied their appeal of that denial in September 2014.

Meanwhile, plaintiffs initiated this action as an adversary proceeding in the bankruptcy court and thereafter filed an amended complaint. Plaintiffs sought to revoke the confirmation order and rescind the discharge of the Property under 11 U.S.C. § 1144 on the grounds that (1) the order was procured by fraud, (2) the Property was fraudulently conveyed and held in a constructive trust, (3) the plan of reorganization benefitted the debtor but not the unsecured creditors, and also facilitated the secret sale of the Property to a sham purchaser, and (4) plaintiffs were denied due process because the bankruptcy court issued the confirmation order despite their lack of access to certain material discovery. The bankruptcy court dismissed the amended complaint with prejudice for failure to state a claim in December 2014 and, after convening a hearing in

April 2015, denied plaintiffs' motion to vacate, alter, or reconsider the dismissal or its findings. The district court (Gleeson, *J.*) affirmed the bankruptcy court's orders and decisions in November 2015.

"In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law *de novo*." *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) (quoting *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999)).[1]

## I.   Dismissal of the Amended Complaint

The sufficiency of a complaint in an adversary proceeding is evaluated under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Bankr. P. 7012(b). We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo* while construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1]    Emmons argues that plaintiffs lack standing to pursue certain claims, and that their claims are equitably moot. We need not reach these issues, as we decide the appeal on the merits.

To revoke a confirmation order under 11 U.S.C. § 1144, a plaintiff must show the order was procured by fraud. 11 U.S.C. § 1144. Moreover, Federal Rule of Civil Procedure 9(b) requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud or mistake," *In re Motors Liquidation Co.*, 462 B.R. 494, 505 (Bankr. S.D.N.Y. 2012) (applying Rule 9(b) to a § 1144 claim in a bankruptcy case), and to "allege facts that give rise to a strong inference of fraudulent intent," *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

We conclude that the bankruptcy court properly dismissed the amended complaint because plaintiffs failed to sufficiently allege that the confirmation order was procured by fraud. The amended complaint presents only conclusory allegations that defendants fraudulently and intentionally misled the bankruptcy court by underreporting the value of the Property, obscuring the ownership history of the Property, and manufacturing a false sense of urgency in the bankruptcy proceedings. There are no factual allegations to substantiate those claims or to support an inference, let alone a strong inference, of fraudulent intent. Plaintiffs' claims as to incomplete discovery, the parties' unsuccessful settlement negotiations, the priority of creditors, the post-order sale of the Property, and the lack of due process are inapposite because § 1144 expressly limits the basis for revocation to procurement by fraud. The amended complaint thus fails to state a claim under § 1144. *See In re Motors Liquidation*, 462 B.R. at

508 (dismissing the complaint in an action brought under § 1144 for failure to plead fraud with sufficient particularity).

## II. Denial of Plaintiffs' Motion to Vacate, Alter, or Reconsider

Motions to vacate, alter, or reconsider a bankruptcy court's decisions or findings are governed by Federal Rules of Civil Procedure 52(b), 59(e), and 60(b), which apply to adversary proceedings through Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024, respectively. Rule 52(b) allows a court to make amended or additional findings that are supported by the record and to amend the judgment accordingly. Fed. R. Civ. P. 52(b); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143-44 (2d Cir. 1998). Rule 59(e) permits a court to "alter or amend judgment to correct a clear error of law or prevent manifest injustice." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)). Rule 60(b) authorizes a court to grant relief from a judgment on specific grounds such as mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been discovered earlier with reasonable diligence; fraud, misrepresentation, or misconduct by the opposing party; and a void, satisfied, released, or discharged judgment. Fed. R. Civ. P. 60(b). Although Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments[,] . . . final judgments should not be lightly reopened." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

We review rulings on motions under Rules 52(b), 59(e), and 60(b) for abuse of discretion. *ING Glob.*, 757 F.3d at 97 (Rule 59(e)); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (Rule 60(b)); *Sequa*, 156 F.3d at 143 (Rule 52(b)).

In this case, plaintiffs sought to have the dismissal of their amended complaint vacated, altered, or reconsidered. A review of their submissions and the transcript of the April 21, 2015 hearing, however, demonstrates that they merely rehashed the arguments that they raised at the motion to dismiss stage without establishing a basis under Rules 52(b), 59(e), or 60(b) for amending or altering the findings or judgment of the bankruptcy court. Accordingly, the bankruptcy court did not abuse its discretion in denying their motion to vacate, alter, or reconsider.

We have considered all of plaintiffs' additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk