NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEDINOL LTD.,**
*Plaintiff-Appellant*

**v.**

**CORDIS CORPORATION, JOHNSON & JOHNSON,**
*Defendants-Appellees*

---

2019-1826

---

Appeal from the United States District Court for the Southern District of New York in No. 1:13-cv-01408-ALC, Judge Andrew L. Carter.

---

Decided: June 12, 2020

---

ELIZABETH GARDNER, Robins Kaplan LLP, New York, NY, for plaintiff-appellant. Also represented by DANIELLE ROSENTHAL; RICHARD PILDES, NYU School of Law, New York, NY.

GREGORY DISKANT, Patterson Belknap Webb & Tyler LLP, New York, NY, for defendants-appellees. Also represented by EUGENE M. GELERNTER.

---

Before DYK, CLEVENGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

This appeal challenges the denial of Medinol Ltd.'s request to reopen a 2014 adverse final judgment under Federal Rule of Civil Procedure 60(b)(6). Because the district court did not abuse its discretion in denying such relief, we affirm.

I

The parties are familiar with the long procedural history leading to this appeal. We described the bulk of it in our last decision in this litigation, *Medinol Ltd. v. Cordis Corp.*, 719 F. App'x 1016 (Fed. Cir. 2018) (*Medinol II*). There, on remand from the Supreme Court, we revisited the district court's first denial of Rule 60(b)(6) relief from a 2014 final judgment dismissing Medinol's patent infringement claims as barred by the equitable defense of laches. *See Medinol Ltd. v. Cordis Corp.*, 137 S. Ct. 1372 (2017) (summary opinion granting certiorari, vacating, and remanding); *Medinol Ltd. v. Cordis Corp.*, 15 F. Supp. 3d 389 (S.D.N.Y. 2014) (*Laches Opinion*). The Supreme Court remanded the case to us for further consideration in light of its decision in *SCA Hygiene*.[1] In *SCA Hygiene*, the Court held that laches is no longer a valid defense to bar damages for patent infringement, 137 S. Ct. at 967, overruling *Aukerman*, our longstanding precedent on which the district court relied both in dismissing Medinol's case and in denying Medinol's subsequent Rule 60(b)(6) motion.

After hearing oral argument, we in turn remanded the case to the district court, vacating the denial of Rule 60(b)

---

[1]    *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954 (2017), *overruling A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc).

relief, which rested solely on our *Aukerman* precedent. *Medinol II*, 719 F. App'x at 1017; *see* J.A. 1166. We instructed the district court on remand to "determine whether the 'extraordinary circumstances' showing required under Rule 60(b)(6) has been established," and we specified that as part of that analysis, the district court "should consider Medinol's failure to appeal" the original final judgment, under the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005). *Medinol II*, 719 F. App'x at 1017.

Back before the district court,[2] Medinol filed a renewed Rule 60(b)(6) motion seeking to set aside the laches dismissal judgment. Medinol argued that the Supreme Court's decisions rendered post-judgment in *SCA Hygiene* and *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014) (holding that laches is not a defense to damages for copyright infringement), constituted "extraordinary circumstances" warranting such relief. J.A. 1607. Medinol further argued that its failure to appeal from the original judgment of dismissal should not preclude Rule 60(b) relief because it reasonably believed at the time that any appeal would be "futile" under existing Federal Circuit precedent. J.A. 1626–27.

After receiving full briefing, the district court denied the motion, finding that Medinol failed to show the requisite extraordinary circumstances. *Medinol Ltd. v. Cordis Corp.*, No. 13-CV-1408, 2019 WL 1428342 (S.D.N.Y. Mar. 29, 2019) (*District Court Decision*). The district court rejected Medinol's argument that "the nature and magnitude of the change in law, the centrality of the changed law to the case, and the extreme and undue prejudice [Medinol]

---

2    Following remand, the case was reassigned to District Judge Carter due to the retirement of District Judge Scheindlin, who previously had presided over the district court litigation.

would suffer" justified relief from the judgment. *Id.* at \*3. Instead, analogizing to the circumstances in *Gonzalez v. Crosby*, the district court found that Medinol exhibited a lack of diligence in pursuing a direct appeal because, despite understanding the potential significance of the Supreme Court's imminent *Petrella* decision (regarding the availability of laches as a defense to copyright infringement), Medinol voluntarily chose not to appeal. *District Court Decision* at \*3. Further, the district court concluded that any undue prejudice or injustice Medinol might suffer from leaving the judgment in place was not extraordinary because (1) Medinol had not been denied the opportunity to try its claims, but—as found in the original dismissal order, *see Laches Opinion*, 15 F. Supp. 3d at 409—had delayed bringing its infringement action at numerous points over 14 years, and then actively decided not to appeal the laches dismissal; and (2) any prejudice Medinol might experience did not rise to the level faced by movants in prior cases where relief had been granted. *District Court Decision* at \*3. At root, the district court found this case presented "a change in decisional law, and nothing more"; the court therefore denied Rule 60(b)(6) relief. *Id.* at \*4.

Medinol appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

"When reviewing a ruling under Rule 60(b), we generally defer to the law of the regional circuit in which the district court sits, here the Second Circuit, because that rule is procedural in nature and not unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1292 (Fed. Cir. 2013) (footnote omitted). The Second Circuit reviews a district court's decision on a Rule 60(b) motion for abuse of discretion, which occurs when "(1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *In re Terrorist Attacks on*

*Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013) (quotation omitted).

Rule 60(b)(6) allows a district court to "relieve a party . . . from a final judgment, order, or proceeding" for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "It is a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *In re Terrorist Attacks*, 741 F.3d at 356 (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)); *see Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (citing *Gonzalez*, 545 U.S. at 535) (requiring a Rule 60(b)(6) movant to show "extraordinary circumstances" justifying reopening a final judgment). Relief is warranted under Rule 60(b)(6) "where the judgment may work an extreme and undue hardship, and [the Rule] should be liberally construed when substantial justice will thus be served." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). But under no circumstances may a party "use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens*, 676 F.3d at 67.

In this appeal, Medinol argues—as it did before the district court—that extraordinary circumstances are present because of the nature and magnitude of the *Petrella / SCA Hygiene* change of law regarding the availability of a laches defense, and because it would work an undue hardship and injustice for Medinol to be denied the opportunity to have its patent infringement claims tried on the merits based on the initial "ultra vires" district court judgment of dismissal. Medinol argues that the district court abused its discretion by concluding otherwise, and legally erred by (1) failing to consider the import of the change of law, (2) "penalizing" Medinol for not taking an initial appeal when any appeal would have been "obviously futile," and (3) violating *SCA*

*Hygiene* by relying on the original laches finding that Medinol delayed bringing suit.

We see no abuse of discretion or legal error here. We can easily dispose of Medinol's first and last ascriptions of legal error. First, we find no support for Medinol's contention that the district court failed to consider the "significance, magnitude, or nature" of the *Petrella* / *SCA Hygiene* change of law. Appellant's Br. 20. There is no doubt that the Supreme Court's decisions in these cases dramatically changed the legal landscape for statutory infringement actions. The parties fully briefed the district court on this change of law, and the court specifically acknowledged Medinol's position on the cases' enormity and significance for the dismissed claims. *District Court Decision* at *3. But the district court found those factors outweighed by Medinol's decision not to appeal and the absence of extraordinary prejudice or undue hardship. *Id.* And Medinol has identified no Second Circuit law requiring district courts to expressly weigh the significance and nature of a change of law when conducting Rule 60(b)(6) analyses.

Nor did the district court violate *SCA Hygiene* by factoring the timing of Medinol's suit into its undue hardship analysis. As the district court recognized, under *SCA Hygiene*, "[l]aches cannot be interposed as a defense against damages where the infringement occurred within the period prescribed by [the Patent Act, 35 U.S.C.] § 286." *District Court Decision* at *2 (quoting *SCA Hygiene*, 137 S. Ct. at 967) (alterations in original). The district court found that Medinol had not shown undue hardship or prejudice from having been denied the opportunity to try its claims, in part because Medinol delayed bringing its infringement action. *District Court Decision* at *3 (citing *Laches Opinion*, 15 F. Supp. 3d at 409). By relying on this unappealed factual finding of delay the district court was not resurrecting the laches defense in contravention of *SCA Hygiene. Cf. Petrella*, 572 U.S. at 686–87 (concluding that it was error to treat laches as a complete bar to plaintiff's copyright

infringement suit, but stating that if plaintiff ultimately prevailed on the merits, the district court "may take account of her delay in commencing suit" when determining appropriate injunctive relief and assessing profits). The district court permissibly rejected Medinol's argument that Medinol had been prejudiced by circumstances completely beyond its own control.

As its primary assertion of legal error, Medinol urges us to set aside the denial of Rule 60(b) relief because the district court impermissibly penalized Medinol for not taking a direct appeal that Medinol characterizes as having been "futile" during the time period for seeking appellate review. We decline to do so.

Appellees do not argue that a per se bar precludes Rule 60(b)(6) relief where the movant did not timely appeal the judgment sought to be vacated. And the district court did not treat Medinol's failure to appeal the laches judgment as a per se bar to the Rule 60(b)(6) relief sought here. Rather, in accordance with our remand instruction, *see Medinol II*, 719 F. App'x at 1017, the district court weighed Medinol's decision not to appeal along with the other asserted factors in reaching its conclusion that extraordinary circumstances were not present. *District Court Decision* at *3 (identifying a plaintiff's "'lack of diligence in pursuing review' [as] a factor mitigating the extraordinary nature of a case" (quoting *Gonzalez*, 545 U.S. at 537)).

In *Gonzalez*, the Supreme Court affirmed the denial of Rule 60(b)(6) relief to a pro se prisoner seeking a certificate of appealability (COA) to challenge the dismissal of his purportedly untimely habeas corpus petition based on a post-judgment change of law regarding the interpretation of the federal habeas statute of limitations. 545 U.S. at 536–38. The Court held that the post-judgment change of law was not an extraordinary circumstance because Mr. Gonzalez displayed a "lack of diligence in pursuing review of the statute-of-limitations issue" by failing to request rehearing

of—or seek certiorari for—the Eleventh Circuit's denial of his COA, despite there being an active circuit conflict over the issue. *Id.* at 537 & n.10. The Court analogized to *Ackermann v. United States*, 340 U.S. 193, 195 (1950), where the Court also "affirmed the denial of Rule 60(b) relief, noting that the movant's decision not to appeal had been free and voluntary," although "it appear[ed] mistaken in hindsight." *Id.* at 537–38.

Medinol contends that *Gonzalez* "has no bearing on the issues here" because unlike Mr. Gonzalez, Medinol had "legitimate, appropriate, and completely sensible reasons for not pursuing what would have been an obviously futile appeal." Appellant's Br. 26. Medinol stresses that, during the time period for taking an appeal, it had no reason to suspect that our long-standing en banc decision endorsing laches as a defense to patent infringement, *Aukerman*, 960 F.2d at 1029–32, might soon be overturned. Thus, Medinol says, it was error to construe its decision not to appeal as a lack of diligence.

Initially, we question the wisdom of dismissing as insignificant a case we expressly identified in *Medinol II* as relevant to the "extraordinary circumstances" analysis. And although there may have been fewer indicators motivating Medinol to appeal its laches judgment here than were present in *Gonzalez*, the district court did not err by counting Medinol's failure to appeal against it.

As the district court noted, even before the 2014 laches judgment was rendered, Medinol recognized the potential significance of the *Petrella* laches-copyright infringement case that was being argued at the Supreme Court during the district court's laches-patent infringement bench trial. Before that trial, Medinol alerted the court—in a footnote following a citation to *Aukerman*—that the anticipated *Petrella* decision "may have broad implications for the applicability of laches to other continuing torts, including patent infringement," and it therefore reserved the right to argue

that laches could not be applied to bar a legal claim for patent infringement damages.  J.A. 195 & n.1 (Medinol's Pre-Trial Memorandum of Law).  Medinol ultimately never asserted that argument at trial, nor did it appeal from the final laches judgment.  But throughout the window for direct appeal, Medinol remained aware—as it had been prejudgment—that *Petrella* might undercut the foundation of the district court's judgment.  That Medinol freely and voluntarily made the decision not to appeal, despite this awareness, can properly be viewed as a lack of diligence mitigating the claimed extraordinary nature of the case. *See Ackermann*, 340 U.S. at 198 ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."); *Lazare Kaplan*, 714 F.3d at 1296 (noting that where Rule 60(b)(6) movants have "made a deliberate choice not to appeal or to pursue a particular litigation strategy, courts have found relief unwarranted," and collecting Second Circuit cases); *Cruickshank & Co. v. Dutchess Shipping Co.*, 805 F.2d 465, 468 (2d Cir. 1986) ("Failure to properly assess the risks and potential gains of taking an appeal is not an extraordinary circumstance that would justify relief under [R]ule 60(b)(6).").

Medinol's protestations of futility ring somewhat hollow against the hindsight knowledge that, if it had directly appealed the laches judgment, the Supreme Court in all likelihood would have taken the opportunity to overrule *Aukerman*—as it ultimately did when SCA Hygiene appealed its similar laches judgment—thereby providing Medinol the relief it has been seeking instead via Rule 60(b)(6) for the past six years. *Cf. Stevens*, 676 F.3d at 67 (prohibiting Rule 60(b) motions as a substitute for direct appeal). Of course, we do not expect parties to foresee the future when deciding whether to appeal an adverse judgment. We simply conclude that there were enough reasons supporting an appeal in this case for the district court to properly

hold Medinol's failure to appeal against it in the Rule 60(b)(6) analysis.[3]

Finally, the district court did not abuse its discretion in weighing this failure to appeal alongside the factors Medinol put forth as warranting relief from judgment. First, as Medinol readily acknowledges, "a change of law, in itself, does not constitute extraordinary circumstances." Appellant's Br. 20. *See Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) ("[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)[.]" (first alteration in original) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004)); *In re Terrorist Attacks*, 741 F.3d at 357 ("Whenever the law changes, parties who lost a prior case because of the now-altered law may feel that justice was not done. Generally, the interest in finality outweighs that concern."); *see also Gonzalez*, 545 U.S. at 536 ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation[ of the statute at issue]."). The district court acted within its discretion in rejecting Medinol's attempt to spin the *Petrella / SCA Hygiene* change of law as something more. That these decisions overturned our en banc precedent is hardly unique. And we decline to read these cases as especially significant because they rest on separation-of-powers principles. Although it is now clear that courts cannot entertain the equitable defense of laches to override congressionally established timeliness limits, *see SCA Hygiene*, 137 S. Ct. at 960; *Petrella*, 572 U.S. at 667, in April 2014 the district court acted perfectly within its authority by accepting a laches defense to

---

[3]    We also reject as inapposite Medinol's reliance on cases holding that a party does not forfeit its ability to challenge controlling precedent in a direct appeal by not raising such a challenge in the district court.

Medinol's claims. That the district court could not permissibly render the same judgment today just reinforces that Medinol's Rule 60(b)(6) request relies primarily on a mere post-judgment change of law.

We also perceive no abuse of discretion in the district court's rejection of the remaining factors Medinol asserted. We will not disturb the district court's assessment of Medinol's inability to try its claims on the merits and loss of opportunity to recover large sums in damages as presenting a lesser injustice than in cases involving judicial bias, racially tinged criminal convictions, or deportation consequences. *See District Court Decision* at *3.

## III

Because the district court did not abuse its discretion in deciding that Medinol's Rule 60(b)(6) motion fails to set forth "extraordinary circumstances" justifying relief, we affirm the judgment of the district court.

## **AFFIRMED**