20-1314 (L)
*CIT Bank, N.A. v. Zisman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

**PRESENT:**
> **DENNIS JACOBS,**
> **DENNY CHIN,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**CIT Bank, N.A.,**

> *Plaintiff-Counter-*
> *Defendant-Appellant,*

> v.

> No. 20-1314 (L),
> 22-3024 (con)

**Sharon Zisman, Berel Zisman,**

> *Defendants-Counter-*
> *Claimants-Appellees,*

**New York City Department of Finance, New York City Environmental Control Board,**

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT:** STEPHEN C. PARSLEY (R. Aaron Chastain *on the brief*), Bradley Arant Boult Cummings LLP, Birmingham, AL.

**FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES:** MARK M. KRANZ (Eli S. Fixler, *on the brief*), Suslovich & Klein LLP, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In these consolidated appeals, Plaintiff-Appellant CIT Bank appeals from an April 9, 2020 judgment of the district court granting the motion of Defendants-Appellees Sharon and Berel Zisman for summary judgment, as well as the district court's subsequent denial of CIT Bank's motion to vacate that judgment.

2

In the district court, CIT Bank brought a judicial foreclosure action against the Zismans for their alleged default under the terms of a mortgage and note for a Brooklyn property. The district court granted summary judgment to the Zismans because the six-year statute of limitations for the action had run. In a prior state court foreclosure action regarding the same property, CIT Bank had elected to accelerate the loan more than six years earlier when it filed an affidavit of bank Vice President, Erica Johnson-Seck, stating that intent. Under New York law, the statute of limitations began running at the acceleration of the loan, so CIT bank's foreclosure action was time-barred. CIT Bank later moved to vacate the judgment because of an intervening New York Court of Appeals decision under which it argued that it had revoked the acceleration of the mortgage, thereby stopping the statute of limitations from running. *See Freedom Mortg. Corp. v. Engel*, 169 N.E.3d 912 (N.Y. 2021). The district court denied the motion, concluding that the circumstances did not warrant vacatur and, anyway, CIT Bank had not revoked the prior acceleration, even under *Engel.*

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

3

## I.    Motion for Summary Judgment

CIT Bank first challenges the district court's grant of summary judgment for the Zismans.  Specifically, CIT Bank argues that the district court erred when it construed the Johnson-Seck affidavit filed in the state court action on February 23, 2010, as an election to accelerate the loan, thus triggering the six-year statute of limitations for the foreclosure action under N.Y. C.P.L.R. § 213(4), which had run before CIT Bank filed the present action on April 7, 2017.  We disagree.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor."  *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).  We affirm the district court's grant of summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under New York law, "once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt."  *U.S. Bank Nat'l Ass'n v. Sopp*, 95 N.Y.S.3d 261, 263 (App. Div. 2019) (citations omitted).  The acceleration of a mortgage debt "may occur in different ways."  *Id.*

4

(citation omitted). But "[w]here the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal." *Id.* (cleaned up); *see also Albertina Realty Co. v. Rosbro Realty Corp.*, 180 N.E. 176, 177 (N.Y. 1932) (noting that an "unequivocal overt act . . . constituted a valid election").

The Johnson-Seck affidavit begins with the following sentence: "I am the Vice President of One[W]est Bank, F.S.B., successor-in-interest to INDYMAC FEDERAL BANK by purchase through FDIC receivership, the Plaintiff in the action herein."[1] App'x at 370. The affidavit continues that it was made "in support of Plaintiff's motion for summary judgment . . . to appoint a referee, and to substitute One[W]est Bank, F.S.B., as the plaintiff." *Id.* The language at issue in the affidavit is the last clause:

> That as alleged in paragraph SEVENTH of the complaint, the defendants BEREL ZISMAN & SHARON ZISMAN have failed and neglected to comply with the conditions of mortgage(s), bond(s) or note(s) by omitting and failing to pay items of principal and interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more

---

[1] IndyMac commenced the initial foreclosure action in state court, but subsequently underwent federal receivership. OneWest Bank then acquired IndyMac, after which OneWest merged into and became CIT Bank, N.A. *See CIT Bank, N.A. v. Zisman*, 2020 WL 8081939, at *1 (E.D.N.Y. Apr. 8, 2020) ("On or about June 12, 2009, during the pendency of the State Court Action, the Mortgage and Note were assigned from IndyMac to OneWest Bank, the former name of CIT.").

fully appears in "Schedule E of the Summons and Complaint" and *accordingly the plaintiff hereby elects to call due the entire amount secured by the mortgage described in previous paragraphs.*

*Id.* at 373–74 (emphasis added). Finally, the affidavit concludes with OneWest's prayer for relief, stating that the "deponent [OneWest's vice president] respectfully prays for an order . . . directing the entry of summary judgment in its favor . . . [and] amending the caption to substitute OneWest Bank FSB as plaintiff in place and stead of IndyMac Federal Bank, F.S.B." *Id.* at 379.

Taking that language into account, the district court did not err in holding that the filing of this affidavit in the first foreclosure action, in which the Zismans were also defendants, was an unequivocal overt act demonstrating CIT Bank's election to accelerate the loan. The affidavit explicitly states that CIT Bank "hereby elects to call due the entire amount secured by the mortgage." *Id.* at 374. That language expresses CIT Bank's intent, at the time of the filing of the affidavit, to accelerate the mortgage. CIT Bank's arguments to the contrary are unavailing.

CIT Bank first argues that the affidavit was merely a "form of evidence submitted by IndyMac to verify allegations that IndyMac had made in the complaint." Appellant's Br. at 11. Essentially, CIT Bank argues that the "plain language" of the affidavit is "almost word-for-word identical" to the language

6

contained in the original complaint, which therefore demonstrates that it was not an "independent legal act of acceleration." *Id.* at 12–14. However, CIT Bank cites no case law demonstrating that unequivocal language in an affidavit—which was a legal act independent of the earlier complaint, as it simultaneously sought a grant of summary judgment and formal substitution of the plaintiff in the action—cannot constitute a valid election of acceleration on a mortgage loan. The language in the affidavit may closely resemble the language in the complaint, but contrary to CIT Bank's argument, the independent requests within the affidavit demonstrate that the acceleration was intended as a new legal act.

CIT Bank also argues that the affidavit could not have accelerated the mortgage because its reference to "the plaintiff" in the affidavit can only mean IndyMac, who was not the holder of the mortgage and note and therefore could not have sought acceleration of the loan. But this argument elides the numerous references the affidavit makes to substituting IndyMac as plaintiff with OneWest/CIT Bank. *See e.g.*, App'x at 379 ("[Y]our deponent respectfully prays for an order . . . amending the caption to substitute OneWest Bank FSB as plaintiff in place and stead of IndyMac Federal Bank, F.S.B."). Moreover, under N.Y. C.P.L.R. § 1018, an assignee can continue an action in the name of the original mortgagee,

even in the absence of a formal substitution. *See, e.g.*, *Wells Fargo Bank, N.A. v. Eitani*, 47 N.Y.S.3d 80, 87 (App. Div. 2017); *Woori America Bank v. Glob. Universal Grp. Ltd.*, 20 N.Y.S.3d 597, 598–99 (App. Div. 2015). Therefore, even if the reference to the "plaintiff" in the affidavit only meant IndyMac and CIT Bank was not formally the plaintiff in the action, CIT Bank still retained authority to continue the action and accelerate the loan, as it had already been assigned the mortgage and note.

CIT Bank finally argues that if there is any ambiguity about whether the affidavit was an election to accelerate the loan, it must be read in its favor. However, given the above discussion, and most importantly, the unequivocal nature of the statement within the Johnson-Seck affidavit, we observe no ambiguity. The district court did not err in granting summary judgment to the Zismans on this basis.

## II.    Motion to Vacate

CIT Bank next challenges the district court's denial of its motion to vacate the grant of summary judgment under Federal Rule of Civil Procedure 60(b)(6)

based on a change in New York law.[2]  CIT Bank argues that IndyMac's February 11, 2016 motion to discontinue the first foreclosure action decelerated the debt, thus resetting the statute of limitations.  That argument is based on a New York Court of Appeals decision issued after the district court's grant of summary judgment, *Freedom Mortgage Corporation v. Engel*, which held that a "noteholder's withdrawal of its only demand for immediate payment of the full outstanding debt, made by the unequivocal overt act of filing a foreclosure complaint, destroys the effect of the election."  169 N.E.3d 912, 926 (N.Y. 2021) (cleaned up).  CIT Bank contends that *Engel*, as an intervening change in governing law, was an appropriate basis for vacatur and that the district court erred in denying that relief.

We review CIT Bank's challenge to the district court's ruling on the motion to vacate under the deferential abuse of discretion standard of review.  *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023).  We must "affirm the . . . denial of vacatur, unless the ruling is based on an erroneous view of the law or on a

---

[2] CIT Bank's appellate brief does not appear to challenge the denial as to Rule 60(b)(1), so it is considered waived.  *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).  To the extent CIT Bank is making an argument under Rule 60(b)(1), we reject it for the reasons stated in the district court's well-reasoned opinion.

clearly erroneous assessment of the evidence." *Id.* (citation omitted). On the facts of this case, we conclude that the district court did not abuse its discretion.

*Engel* alone does not justify relief from the grant of summary judgment. "As a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6), and the interest in finality outweighs the losing party's concern that justice was not done." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (cleaned up); *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). And *Engel* itself is no longer good law. The New York State Legislature promptly abrogated the rule on which CIT Bank's motion relies in the Foreclosure Abuse Prevention Act ("FAPA"), 2022 N.Y. Laws Ch. 821. *See GMAT Legal Title Trust 2014-1 v. Kator*, 184 N.Y.S.3d 805, 808 (App. Div. 2023) (explaining that FAPA "had the effect of nullifying" *Engel*'s holding by amending N.Y. C.P.L.R. § 3217 to provide that an action's "voluntary discontinuance . . . shall not . . . revive or reset the limitations period to commence an action and to interpose a claim") (quoting N.Y. C.P.L.R. § 3217(e)).

10

For those reasons, and given the deferential abuse of discretion standard of review, we observe no error in the district court's holding that vacatur under Rule 60(b) was not warranted.

Finally, because we hold that the district court did not abuse its discretion when it granted summary judgment to the Zismans or when it denied CIT Bank's motion to vacate the judgment, we do not reach the parties' alternative arguments regarding FAPA's retroactivity.

\*    \*    \*

We have considered CIT Bank's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11