IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN RAY, AN INDIVIDUAL,
Appellant,
vs.
NEVADA STATE BOARD OF
OSTEOPATHIC MEDICINE,
Respondent.

No. 81469

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to reopen and for reconsideration of a dismissal order under NRCP 60(b). Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.[1]

We review an order denying a motion for relief under NRCP 60(b) for an abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018). A party requesting reconsideration under NRCP 60(b) has the burden of showing "mistake, inadvertence, surprise, or excusable neglect, either singly or in combination . . . by a preponderance of the evidence." *Britz v. Consol. Casinos Corp.*, 87 Nev. 441, 446, 488 P.2d 911, 915 (1971) (internal quotation marks omitted).

Here, appellant fails to cogently argue whether the district court abused its discretion under NRCP 60(b), and instead, he appears to substantively challenge the dismissal order, which is beyond the scope of this appeal.[2] *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]Appellant's arguments instead focus on the merits of the district court order dismissing the complaint. But those arguments are not properly before us in this appeal given that we previously granted respondent's motion to limit the scope of this appeal to the district court's order denying

21-29666

n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that it is appellant's duty to "cogently argue, and present relevant authority, in support of his [or her] appellate concerns"). Even on the merits, however, we conclude that the district court did not abuse its discretion under NRCP 60(b)(1) because it analyzed the relevant factors and the record otherwise supports its findings. *See Yochum v. Davis*, 98 Nev. 484, 486-87, 653 P.2d 1215, 1216-17 (1982) (outlining the relevant factors for the district court to consider under NRCP 60(b)), *overruled on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997); *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 468, 469 P.3d 176, 178 (2020) (holding that "district courts must issue express factual findings, preferably in writing, pursuant to each *Yochum* factor to facilitate our appellate review"). In particular, we conclude the district court did not abuse its discretion in its interpretation of NRCP 4.2(d)(6) when considering appellant's NRCP 60(b) motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 536-37 (2005) (holding relief was not warranted under the federal analog to NRCP 60(b) where the issue revolved around statutory interpretation, the district court's interpretation was not incorrect at the time, and the movant failed to appeal the dispositive issue); *see also Ford v. Branch Banking & Tr. Co.*, 131 Nev. 526, 528-29, 353 P.3d 1200, 1202 (2015) ("Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." (internal quotation marks omitted)). And, as the district court noted, appellant had several options at his disposal that he failed to pursue. *See Cashner v. Freedom*

---

appellant's motion to reopen and for reconsideration of the dismissal order. *See Ray v. Nev. State Bd. of Osteopathic Med.*, Docket No. 81469 (Order Granting Motion to Limit Scope of Appeal, Nov. 20, 2020).

*Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (holding that the federal analog to NRCP 60(b) does not absolve a party from the "duty to take legal steps to protect his [or her] own interests"). We therefore,

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.                    _____, Sr.J.
Stiglich                                Gibbons


cc:     Hon. Timothy C. Williams, District Judge
        Kang & Associates PLLC
        Attorney General/Carson City
        Attorney General/Reno
        Attorney General/Las Vegas
        Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.