MERRITT K. YOCHUM, Individually, and MERRITT K. YOCHUM and ROSE MARIE YOCHUM, as the Sole Surviving Directors of TOOL TOTE, INC., a Nevada Corporation, and MERRITT K. YOCHUM and ROSE MARIE YOCHUM, as the Sole Surviving Officers of TOOL TOTE, INC., a Nevada Corporation, and MERRITT K. YOCHUM, Who Did Business as CARSON IRON WORKS, Appellants, v. JANICE ANN DAVIS, Respondent.

No. 13749

November 30, 1982                    653 P.2d 1215

*David Horton,* Carson City, for Appellants.

*Sheerin, O'Reilly, Walsh & Keele,* Gardnerville, and *John P. Davis,* Minden, for Respondent.

## OPINION

*Per Curiam:*

Appellants Merritt K. Yochum and Rose Marie Yochum appeal from an order of the district court denying their motion to set aside a default judgment.

### THE FACTS

Respondent Janice Ann Davis' late husband, Bob Railson,

paid $5,000 in 1975 for approximately 100 shares of stock in Tool Tote, Inc. A "Buy-Sell Agreement" mandated repurchase by Tool Tote, Inc. of a stockholder's interest upon that stockholder's death, and provided that if all of the stockholders and Tool Tote, Inc. did not agree on a valuation of a stockholder's interest within 180 days of that stockholder's death, the value would be determined through arbitration. Railson acted as an officer of Tool Tote, Inc. from 1975 until his death in January 1978. Davis inherited Railson's Tool Tote stock.

Rather than seeking arbitration pursuant to the Buy-Sell Agreement, Davis filed a complaint against the Yochums in July 1980, alleging unjust enrichment, various violations of fiduciary duties and the making of "false or material misrepresentations on various reports." Personal service of process on the Yochums was attempted. There is conflicting evidence as to whether the service was legally sufficient. Davis then obtained an order for service by publication in mid-August. The summons was duly published, but copies of the summons and complaint were mailed to the Yochums' business address, rather than to their residence as required by NRCP 4(e)(iii).

The court clerk entered a default against the Yochums. The district court granted Davis' motion for judgment by default, and awarded her $5,000 plus interest, costs, and attorney's fees. The district court subsequently denied the Yochums' motion to set aside the default and the judgment. This appeal followed.

## DENIAL OF THE MOTION TO SET ASIDE THE DEFAULT JUDGMENT

While each case depends upon its own facts, we have established several criteria for evaluating a district court's exercise of discretion in granting or denying a motion to set aside a default judgment. Under NRCP 60(b)(1), the district court may relieve a party from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." We have held that the presence of the following factors indicates that 60(b)(1) has been satisfied:

> (1) a prompt application to remove the judgment;
> (2) the absence of an intent to delay the proceedings;
> (3) a lack of knowledge of procedural requirements; and
> (4) good faith.

Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). *See* Banks v. Heater, 95 Nev. 610, 600 P.2d 245

(1979); Gutenberger v. Continental Thrift and Loan Co., 94 Nev. 173, 576 P.2d 745 (1978); Fagin v. Fagin, 91 Nev. 794, 544 P.2d 415 (1975); Baumann v. Nevada Colony Corp., 44 Nev. 10, 189 P. 245 (1920); Stretch v. Montezuma Mining Co., 29 Nev. 163 (1906).

In addition to meeting the statutory requirements, the moving party must promptly tender a "meritorious defense" to the claim for relief. Banks v. Heater, *supra;* Gutenberger v. Continental Thrift and Loan Co., *supra;* Fagin v. Fagin, *supra;* Hotel Last Frontier v. Frontier Prop., *supra.* Lastly, the court must give due consideration to the state's underlying basic policy of resolving cases on their merits wherever possible. *Id.* As this court noted in *Hotel Last Frontier,* "an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case a trial upon the merits is assured, whereas in the latter it is denied forever." 79 Nev. at 155-56, 380 P.2d at 295 (emphasis in original).

The record does not indicate that appellants received actual notice of the proceedings prior to entry of the default judgment, or that they believed that service of process had occurred. Appellants did not demonstrate a "serious disregard of the judicial process." Gutenberger v. Continental Thrift and Loan Co., *supra.* They promptly filed a responsive pleading with their motion to set aside the default and judgment. The pleading and its accompanying affidavits allege the presence of numerous meritorious defenses, including Davis' breach of the Buy-Sell Agreement, Railson's purchase of one-half of his stock interest from Merritt Yochum individually, Davis' failure to join Tool Tote, Inc. as a party, and the inapplicability of NRS 78.145[1] due to the running of the limitations period.

In view of the strong policy favoring resolution of disputes on their merits, and the absence of any substantial countervailing policy in this case, we hold that the district court abused

---

[1] NRS 78.145. *False or fraudulent statements by directors and officers; liability.*

\* \* \*

2. The liability imposed by this section shall exist in all cases where the contents of any such certificate, report or notice of any material representation therein shall have been communicated either directly or indirectly to the person so becoming a creditor or stockholder and he became such creditor or stockholder upon the faith thereof.

3. No action can be maintained for a cause of action created by this section unless brought within 2 years from the time the certificate, report or public notice shall have been made or given by the officers or directors of such corporation.

its discretion in refusing to set aside the default judgment. *See* Bruno v. Schoch, 94 Nev. 712, 582 P.2d 796 (1978). We therefore reverse the order of the district court, and direct the district court to enter an order setting aside the entry of default and the default judgment. Given our resolution of this appeal, we find no need to consider appellants' other contentions.

Reversed with instructions.