OPINION
 

 Per Curiam:
 

 On December 19, 1994, respondent Ursula Alwine Epstein (“Ursula”) filed a complaint for divorce from appellant Edwin Alvin Epstein (“Edwin”). On January 31, 1995, in order to give Ursula and Edwin an opportunity to amicably resolve their differences, Ursula’s attorney, Michael P. Hambsch (“Hambsch”) sent a letter to Edwin, granting him an open-ended extension of time in which to answer. After Edwin and Ursula’s negotiations
 
 *1403
 
 broke down, on March 17, 1995, Hambsch sent a letter to Edwin requesting that Edwin file an answer within twenty days to avoid having a default entered. This letter stated that “we intend to proceed with this matter, with or without your response, on or after Monday, April 10, 1995.”
 

 On April 4, 1995, Hambsch sent Edwin a marital settlement agreement for his signature. On May 10, 1995, Hambsch sent Edwin a letter which referred to a telephone conversation in which Edwin had informed Hambsch that the settlement was not acceptable and that Edwin intended to retain counsel. Hambsch again stated in this letter that if an answer was not filed within twenty days, Ursula would pursue a default. On May 11, 1995, Marshal S. Willick (“Willick”) phoned Hambsch to inform him that he was representing Edwin.
 

 On June 7, 1995, Hambsch sent Willick a letter in which he complained of Willick’s failure to return his phone calls. Hambsch also indicated in this letter that Willick’s legal assistant had told him that an answer would probably be filed within a week. Hambsch notified Willick that “[tjhis [was] unacceptable.” Hambsch concluded the letter by stating that he intended to take Edwin’s default if no communication was received from Willick.
 

 On July 24, 1995, Hambsch wrote to Willick stating that unless a good faith response to the proposed settlement agreement was received by August 4, 1995, a default would be taken.
 

 On August 4, 1995, Willick wrote a lengthy letter to Hambsch in which he set forth certain objections to the proposed settlement agreement. Willick also mentioned that Edwin was experiencing health problems, but did not explain the nature of those problems.
 

 On August 14, 1995, Hambsch sent a letter, replying to Willick’s objections. From the tone and content of these last two letters, it is apparent that the negotiations had stalled. Hambsch closed the letter by demanding that Willick file an answer if Edwin did not agree to Ursula’s requests.
 

 On September 14, 1995, Ursula served a praecipe for default and an affidavit in support of a default judgment on Edwin and Willick. On September 15, this praecipe was filed, and the clerk of the court entered a default against Edwin. Willick did not receive a copy of the praecipe until September 19, 1995. On September 27, 1995, Hambsch submitted findings of fact, conclusions of law and decree of divorce to the court for consideration. On September 29, 1995, the court issued a default decree of divorce, which was filed on October 3, 1995.
 

 On December 1, 1995, Willick filed an answer and counterclaim. On that same day, Willick filed a motion requesting that
 
 *1404
 
 the court set aside its decree of divorce pursuant to NRCP 60(b), claiming that the default judgment was not properly noticed and that the decree was procured through fraud by Ursula or through Edwin’s inadvertence.
 

 On March 13, 1996, the district court denied Edwin’s motion and issued extensive findings of fact. The court found that Edwin had adequate notice for a judgment by default, that Ursula had not engaged in any fraud, and that Edwin’s neglect in allowing the default to be taken was not excusable. On April 16, 1996, Edwin filed his notice of appeal.
 

 DISCUSSION
 

 Edwin argues that Ursula failed to meet the requirements of NRCP 55.
 
 [1]
 
 Edwin argues that Ursula did not provide adequate notice of her intent to seek a default judgment because she served the praecipe for default only one day before the default was entered. Edwin here seems to confuse an
 
 entry
 
 of default with a default judgment. Nonetheless, we conclude that Edwin’s argument is substantially accurate.
 

 The threshold question is whether Edwin appeared in the action; if he failed to do so, the notice requirement of this statute is not triggered. While the district court found that Edwin’s
 
 counsel
 
 had failed to “enter an appearance,” it did not rule that Edwin, the party, had failed to appear. A course of negotiations between parties is sufficient to constitute an appearance. Franklin v. Bartsas Realty, 95 Nev. 559, 564, 598 P.2d 1147, 1150 (1979). Through Hambsch, Ursula had been negotiating with Edwin and Willick for several months. It was clear that Edwin contested much of Ursula’s proposed settlement. Therefore, we conclude that Edwin had appeared in this action.
 

 The next question is whether Ursula’s praecipe for default, which was served more than ten days before the district court entered a default judgment, provided adequate notice of Ursula’s intent to seek a default judgment under NRCP 55(b)(2).
 

 
 *1405
 
 A praecipe is “an order, written and signed, addressed to the clerk of a court, and requesting him to issue a particular writ.”
 
 Black’s Law Dictionary
 
 1056 (5th ed. 1979). Thus, Ursula’s praecipe for default was simply a document requesting that the court clerk enter a default pursuant to NRCP 55(a). On its face, NRCP 55(b)(2) requires a specific and particular notice of a party’s intent to seek a default judgment. By serving a copy of the praecipe on Edwin, Ursula merely put him on notice that she was in a position to seek a default judgment in the future; she did not notify him that she
 
 would
 
 seek a default judgment at a particular time. Therefore, we conclude that Ursula’s praecipe for default did not provide sufficient notice of her intent to seek a default judgment. As such, the district court’s judgment of default was invalid.
 

 Because we so conclude, we need not decide whether the district court abused its discretion in refusing to set aside the default judgment. However, this case allows us to resolve a conflict in Nevada case law.
 

 Prior to 1990, this court had consistently held that a party moving to set aside a default judgment must show a meritorious defense to the claim.
 
 See
 
 Sealed Unit Parts v. Alpha Gamma Ch., 99 Nev. 641, 643, 668 P.2d 288, 289 (1983). However, in Price v. Dunn, 106 Nev. 100, 787 P.2d 785 (1990), we ruled that the meritorious defense requirement must be set aside pursuant to a recent holding of the United States Supreme Court.
 
 Id.
 
 at 104, 787 P.2d at 788 (citing Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988)). Although we have not expressly overruled
 
 Price,
 
 we have
 
 since
 
 held that a party seeking to set aside a default judgment must show a meritorious defense.
 
 See, e.g.,
 
 Lesley v. Lesley, 113 Nev. 727, 732, 941 P.2d 451, 454 (1997); Bauwens v. Evans, 109 Nev. 537, 539, 853 P.2d 121, 122 (1993).
 

 We now overrule the requirement, most recently announced in
 
 Lesley,
 
 that a party must show a meritorious defense because it is inconsistent with our holding in
 
 Price
 
 and the United States Supreme Court’s holding in
 
 Peralta.
 
 We affirm our holding in
 
 Price;
 
 a party need not show a meritorious defense in order to have a court set aside a default judgment.
 

 We conclude that Ursula did not provide Edwin with adequate notice of her intent to seek a default judgment. We, therefore, reverse the order of the district court, which declined to set aside this judgment, and remand this matter to the district court for further proceedings not inconsistent with this opinion.
 

 [1]
 

 NRCP 55, in relevant part, provides:
 

 (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
 

 (b) Judgment
 

 (2) . . . If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.