136 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY J. WILLARD, INDIVIDUALLY AND AS TRUSTEE OF THE LARRY JAMES WILLARD TRUST FUND; AND OVERLAND DEVELOPMENT CORPORATION, A CALIFORNIA CORPORATION,
Appellants,
vs.
BERRY-HINCKLEY INDUSTRIES, A NEVADA CORPORATION; AND JERRY HERBST, AN INDIVIDUAL,
Respondents.

No. 77780

FILED

AUG 06 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying an NRCP 60(b) motion for relief from a final order dismissing an action as a sanction for discovery abuses. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

*Reversed and remanded with instructions.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Robertson, Johnson, Miller & Williamson and Richard D. Williamson and Jonathan Joel Tew, Reno,
for Appellants.

Dickinson Wright, PLLC, and John P. Desmond, Brian R. Irvine, and Anjali D. Webster, Reno,
for Respondents.

20-28925

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

NRCP 60(b)(1) provides that a district court may grant relief "from a final judgment, order, or proceeding" based on a showing of "mistake, inadvertence, surprise, or excusable neglect."[1] In this appeal, we examine the district court's denial of appellants' NRCP 60(b)(1) motion to set aside a sanctions order based on excusable neglect. Therein, the district court reasoned that it need not consider the factors announced in *Yochum v. Davis*, 98 Nev. 484, 486, 653 P.2d 1215, 1216 (1982), *overruled in part by Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997), to determine if appellants established excusable neglect because *Yochum* concerned relief from a default judgment, as opposed to relief from an order. We disagree and conclude that the district court abused its discretion by failing to address the *Yochum* factors when deciding the NRCP 60(b)(1) motion. We further reiterate that we review a district court's NRCP 60(b)(1) determination for an abuse of discretion. As we review for abuse of

---

[1]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). While this case predates the applicability of the amendments to the NRCP, the amendments made to NRCP 60(b) do not materially affect the analysis or outcome of the issue presently before us. For this reason, and because the parties do not argue otherwise, we cite to the current version of NRCP 60(b) throughout this opinion.

discretion, we now clarify that district courts must issue express factual findings, preferably in writing, pursuant to each *Yochum* factor to facilitate our appellate review. Accordingly, we reverse the district court's order denying the NRCP 60(b)(1) motion and remand to the district court for further consideration.

## FACTS AND PROCEDURAL HISTORY

Appellants Larry J. Willard, individually and as trustee of the Larry James Willard Trust Fund, and Overland Development Corporation (collectively, Willard) brought suit against respondents Berry-Hinckley Industries and Jerry Herbst (collectively, Respondents).[2] In the operative complaint, Willard alleged several causes of action arising out of the breach of a lease agreement for a commercial property in Reno.

Willard's counsel included Brian Moquin, a California-licensed attorney appearing pro hac vice, and David O'Mara, who served as local counsel. Moquin, on behalf of Willard, failed to comply with NRCP 16.1 disclosure requirements, discovery requests, and court orders.[3] Based on these discovery violations, Respondents filed an unopposed motion for sanctions in which they requested that the district court dismiss the case with prejudice. The district court granted Respondents' motion for

---

[2]The lawsuit also included as plaintiffs Edward C. and Judith A. Wooley, individually and as trustees of the Edward C. Wooley and Judith A. Wooley Intervivos Revocable Trust 2000. These parties are not included in this appeal, as they and Respondents settled their dispute and stipulated to dismissal with prejudice, which dismissal the district court granted.

[3]We note that Moquin's conduct in this case resulted in disciplinary action. *See In re Discipline of Moquin*, Docket No. 78946 (Order Approving Conditional Guilty Plea Agreement and Enjoining Attorney From Practicing Law in Nevada, Oct. 21, 2019).

sanctions and dismissed Willard's claims with prejudice. Thereafter, Willard retained new counsel and filed the NRCP 60(b)(1) motion, requesting that the district court set aside its sanctions order. Specifically, Willard maintained that Moquin's alleged psychological disorder resulted in his abandonment of Willard, which justified NRCP 60(b)(1) relief based on excusable neglect.

The district court heard arguments on Willard's motion. At the outset of Willard's argument, the district court requested that Willard "stick really, really, really close to the NRCP 60(b) standards," and Willard proceeded to structure his argument within the framework of the factors announced in *Yochum*, 98 Nev. at 486, 653 P.2d at 1216. At the conclusion of counsels' arguments, the district court granted the parties additional time to supplement their proposed orders and did not otherwise rule from the bench.

Thereafter, the district court issued its order denying the NRCP 60(b) motion. Therein, the district court stated the following:

> Plaintiffs assert this Court must address the additional factors set forth in *Yochum v. Davis*, 98 Nev. 484, 486, 653 P.2d 1215, 1216 (1982). *Yochum* involves relief from a default judgment and not an order, as here, where judgment has not been entered. *Yochum* does not preclude denial of the motion.

After declining to consider the *Yochum* factors, the district court found that Willard failed to prove excusable neglect by a preponderance of the evidence.[4] Following the district court's denial of Willard's NRCP 60(b)(1)

---

[4]In its NRCP 60(b) order, the district court also addressed O'Mara's role in the case and found that "O'Mara's involvement precludes a

SUPREME COURT
OF
NEVADA

(O) 1947A

motion, the district court issued a judgment in favor of Respondents. Willard appeals the NRCP 60(b) order.

## DISCUSSION

On appeal, Willard argues that the district court abused its discretion by refusing to address the *Yochum* factors when ruling on his NRCP 60(b)(1) motion. We review the denial of an NRCP 60(b)(1) motion for an abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018). While we generally afford the district court wide discretion in ruling on an NRCP 60(b)(1) motion, *see id.*, a district court nevertheless abuses that discretion when it disregards established legal principles, *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 129 Nev. 610, 617, 310 P.3d 555, 559 (2013).

NRCP 60(b)(1) operates as a remedial rule that gives due consideration to our court system's preference to adjudicate cases on the merits, without compromising the dignity of the court process. *See Passarelli v. J-Mar Dev., Inc.*, 102 Nev. 283, 285, 720 P.2d 1221, 1223 (1986); *see also Britz v. Consol. Casinos Corp.*, 87 Nev. 441, 446, 488 P.2d 911, 915 (1971) ("Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity." (internal quotation marks omitted)). NRCP 60(b)(1) provides that a district "court may relieve

---

conclusion of excusable neglect here." The district court reasoned that while O'Mara could contractually limit the scope of his representation, he nevertheless consented to adhere to the responsibilities of local counsel as outlined in SCR 42(14). The district court continued that O'Mara attended all court hearings in the case and signed various pleadings. And O'Mara alone signed Willard's deficient initial discovery disclosures, "the uncured deficiencies of which were a basis for [the] sanction of dismissal."



a party or its legal representative from a *final judgment, order, or proceeding*" based on a finding of "mistake, inadvertence, surprise, or excusable neglect." (Emphasis added.) In *Yochum*, this court held that, to determine whether such grounds for NRCP 60(b)(1) relief exist, the district court must apply four factors: "(1) a prompt application to remove the judgment; (2) the absence of an intent to delay the proceedings; (3) a lack of knowledge of procedural requirements; and (4) good faith."[5] 98 Nev. at 486, 653 P.2d at 1216. The district court must also consider this state's bedrock policy to decide cases on their merits whenever feasible when evaluating an NRCP 60(b)(1) motion. *Id.* at 487, 653 P.2d at 1217.

Here, the district court appeared to reason that it need not apply the *Yochum* factors when determining the existence of sufficient grounds for NRCP 60(b)(1) relief from an order, as opposed to a judgment. We disagree. First, the plain language of NRCP 60(b) does not distinguish between relief from a "final judgment, order, or proceeding." *See Toll v. Wilson*, 135 Nev. 430, 433, 453 P.3d 1215, 1218 (2019) (explaining that we give effect to a statute's plain meaning when interpreting an unambiguous statute). Furthermore, our caselaw reviewing a district court's NRCP 60(b)(1) determination likewise does not distinguish between relief from "a final judgment, order, or proceeding" for the purposes of applying the *Yochum* factors. *See Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992) ("Before granting a[n] NRCP 60(b)(1) motion, the district court must consider several factors, as provided in *Yochum* . . . ."), *overruled on other*

---

[5]*Yochum* also required the moving party to establish a meritorious defense to the complaint. 98 Nev. at 487, 653 P.2d at 1216. However, we overruled that requirement in *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997).

SUPREME COURT
OF
NEVADA

(O) 1947A

6

*grounds by Epstein*, 113 Nev. at 1405, 950 P.2d at 773. Accordingly, while our jurisprudence has already stated as much, we now explicitly hold that a district court must address the *Yochum* factors when determining if the NRCP 60(b)(1) movant established, by a preponderance of the evidence, that sufficient grounds exist to set aside "a final judgment, order, or proceeding." *See Britz*, 87 Nev. at 446, 488 P.2d at 915 (detailing that the movant bears the burden of establishing grounds for NRCP 60(b)(1) relief by a preponderance of the evidence). Because the district court here failed to apply the *Yochum* factors in denying Willard's NRCP 60(b)(1) motion, we conclude that the district court abused its discretion. *See McKnight*, 129 Nev. at 617, 310 P.3d at 559 ("A trial court may abuse its discretion when it acts in clear disregard of the guiding legal principles." (internal quotation marks omitted)).

Finally, we take this opportunity to reiterate that our ability to review a district court's NRCP 60(b)(1) determination for an abuse of discretion necessarily requires district courts to issue findings pursuant to the pertinent factors in the first instance.[6] *See Jitnan v. Oliver*, 127 Nev. 424, 433, 254 P.3d 623, 629 (2011) ("Without an explanation of the reasons

---

[6]We recognize that our dispositions may have implied that the district court need only demonstrate that it considered the *Yochum* factors—as opposed to issuing factual findings for each factor. *See, e.g., Rodriguez*, 134 Nev. at 659, 428 P.3d at 259 (declining to review the fourth *Yochum* factor because the district court made no finding as to that factor, but affirming the district court's denial of the NRCP 60(b)(1) motion based on the first three *Yochum* factors); *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271-75, 849 P.2d 305, 308-10 (1993) (concluding that appellant established excusable neglect under NRCP 60(b)(1) after effectively making our own determinations in consideration of the *Yochum* factors). However, we now clarify that we require district courts to issue explicit factual findings in the first instance on all four *Yochum* factors.

or bases for a district court's decision, meaningful appellate review, even a deferential one, is hampered because we are left to mere speculation."). As a result, we now expressly hold, as we have in other contexts, that district courts must issue explicit and detailed findings, preferably in writing, with respect to the four *Yochum* factors to facilitate this court's appellate review of NRCP 60(b)(1) determinations for an abuse of discretion. *Cf. Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 93, 787 P.2d 777, 780 (1990) (requiring "every order of dismissal with prejudice as a discovery sanction [to] be supported by an express, careful and preferably written explanation of the court's analysis of the pertinent factors"). With the benefit of such findings, we will affirm a district court's NRCP 60(b)(1) determination where substantial evidence in the record supports the same. *See Keife v. Logan*, 119 Nev. 372, 374, 75 P.3d 357, 359 (2003) ("[T]his court will not disturb a district court's findings of fact if they are supported by substantial evidence."). And where the record contains conflicting evidence, we will affirm the district court's factual findings as long as sufficient evidence supports those findings. *Britz*, 87 Nev. at 444-45, 488 P.2d at 914.

## CONCLUSION

Having concluded that the district court abused its discretion by failing to address the *Yochum* factors, we reverse the district court's

order denying Willard's NRCP 60(b)(1) motion and remand for further proceedings consistent with this opinion.[7]

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cadish

---

[7]Because the district court's failure to address the *Yochum* factors requires remand for further proceedings, we decline to consider Willard's additional arguments challenging the merits of the district court's excusable neglect determination. We likewise decline to address Willard's arguments concerning the propriety of the underlying sanctions order, as Willard voluntarily dismissed his appeal of the same. *See Willard v. Berry-Hinckley Indus.*, Docket No. 77780 (Order Partially Dismissing Appeal and Reinstating Briefing, Aug. 23, 2019).