IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES T.S.,
vs.
ANDREA S.,
Respondent.

No. 81477

**FILED**

NOV 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying reconsideration of an order terminating parental rights. Eighth Judicial District Court, Clark County; Rhonda Kay Forsberg, Judge.[1]

Appellant James T.S. filed a petition to voluntarily terminate his parental rights to the minor child he shares with respondent Andrea S., asserting it would be in the best interests of all parties involved. Andrea filed a non-opposition and asked the court to grant James' motion. At the hearing on the petition, James confirmed that terminating his parental rights was in the child's best interest, that he understood that he would lose all rights to the child and that she may be adopted in the future, and that his decision was not the result of duress or coercion. Summarily stating that terminating James' parental rights would be in the child's best interests, the district court orally granted James' petition. The district court's later order granted the petition "[b]ased on the evidence adduced at the hearing, the testimony of witnesses and good cause appearing."

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-32900

After the time to appeal the termination order expired, James filed what the district court treated as an NRCP 60(b) motion for relief from the termination order. Therein James argued, amongst other arguments, that no grounds existed under NRS 128.105 to terminate his parental rights such that there was a "lack of cause" to do so. He further cited caselaw stating that, to terminate parental rights, it must be proven to be in the child's best interest and parental fault grounds must exist. The district court denied the motion after a hearing, finding that no NRCP 60(b) grounds existed upon which to grant it. After James filed his appeal, we issued an order of limited remand for the district court to enter findings supporting its termination decision. *James T.S. v. Andrea S.*, Docket No. 81477 (Order of Limited Remand, Sept. 21, 2021). Having received the district court's order, we conclude that affirmance is warranted.[2]

We review a district court order denying NRCP 60(b) relief for an abuse of discretion.[3] *Ford v. Branch Banking & Tr. Co.*, 131 Nev. 526, 528, 353 P.3d 1200, 1202 (2015). On appeal, James contends that three grounds warrant NRCP 60(b) relief. We first reject James' argument that the district court abused its discretion in denying the motion based on NRCP 60(b)(1) (allowing a court to set aside an order based on "mistake,

---

[2]We reject James' arguments that the district court abused its discretion in failing to appoint him or the child counsel. *See* NRS 128.100(1), (3) (giving district courts the discretion to appoint counsel for children and indigent parents in termination cases).

[3]To the extent James presents arguments that directly challenge the termination order, the time to appeal that decision has passed and we therefore do not consider those arguments. *See* NRAP 4(a)(1) (providing that an appeal must be filed within 30 days after notice of entry of the order being appealed is served).

inadvertence, surprise, or excusable neglect"). The record demonstrates that James failed to show that his actions in seeking to terminate his own parental rights were the result of duress. *See Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 470, 469 P.3d 176, 179-80 (2020) (recognizing that a party seeking relief based on NRCP 60(b)(1) bears the burden of establishing the right to such relief by a preponderance of the evidence). We also conclude that the district court did not abuse its discretion in denying the motion based on James' argument that Andrea made misrepresentations to the court. *See* NRCP 60(b)(3) (allowing a court to set aside an order that is affected by "fraud ... misrepresentation, or misconduct by an opposing party"). In particular, James failed to support his argument with clear and convincing evidence of the alleged misrepresentations. *See NC-DSH, Inc. v. Garner*, 125 Nev. 647, 657, 218 P.3d 853, 860-61 (2009) (holding that a district court may only set aside a judgment based on fraud when the movant establishes the fraud "by clear and convincing evidence" (internal quotation marks omitted)).

James also contends that we should set aside the termination order as void because the district court failed to articulate findings in support of its conclusions regarding the child's best interest and parental fault. *See* NRCP 60(b)(4) (allowing a district court to set aside a void judgment); *see also* NRS 128.105 (providing the grounds and required findings for terminating parental rights). While the district court initially failed to include the required findings in its order, substantial evidence in the form of Andrea's sworn statement attached to her non-opposition to James' motion, the parties' testimony, and other evidence in the record supported the district court's decision. *See In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d 126, 129 (2000) ("This court will

uphold termination orders based on substantial evidence . . . ."). Andrea averred that James has never had a relationship with the child or provided financial support and that he was abusive toward Andrea, the parties agreed that it would be in the child's best interest to terminate James' rights, and the record shows that James was found guilty of domestic battery on Andrea. *See* NRS 128.105 (requiring the court to consider the child's best interests and listing grounds of parental fault that support terminating parental rights which includes abandonment of the child and concerns the child will face physical, mental, or emotional injury).

The district court's order entered following our limited remand expanded on its initial order by stating that termination was in the child's best interest and that James abandoned the child; neglected the child; failed to adjust as a parent by failing to bond with the child; and that the child faced a risk of serious physical, mental, or emotional injury if returned to James. *See id.* (listing considerations for the court when deciding whether to terminate parental rights). While preferable to include these findings in its initial order, we decline to view the district court's order as void in this case where the district court otherwise followed the proper procedure and substantial evidence supported the termination.[4] *See In re Termination of Parental Rights as to N.J.*, 116 Nev. at 795, 8 P.3d at 129. We therefore

---

[4]This case is therefore distinguishable from *Mott v. Mott*, Docket No. 70402 (Order of Affirmance, Sept. 11, 2017), which James relies on in his opening brief. In that case, we deemed the parental termination order void because no petition was filed, the district court did not hold a hearing, and the district court failed to make the required findings. *See id.* As such, in *Mott*, the order and the record lacked the evidence needed to review the termination decision.

conclude that the district court did not abuse its discretion in denying James' motion to reconsider under NRCP 60(b)(4).

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.          _____ Sr.J.
Stiglich                                              Gibbons

cc:     Hon. Rhonda Kay Forsberg, District Judge
        McLetchie Law
        Robison, Sharp, Sullivan & Brust
        Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.