# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEEPA HASIJA, M.D., AN INDIVIDUAL; AND DEEPA HASIJA MD PLLC, A NEVADA PROFESSIONAL LIMITED LIABILITY COMPANY,
Appellants,
vs.
MEDICAL REVENUE SOLUTIONS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 82212

FILED

AUG 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a motion to vacate a default judgment under NRCP 60(b) in a contract and torts action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1] The underlying action arises from a billing services agreement between the parties. The day a responsive pleading to the underlying complaint was due, appellant Deepa Hasija, M.D., filed a pro se document purporting to be an affidavit requesting additional time to file her answer. The court's electronic filing system (EFS) rejected the document the next day because of formatting issues, after which Hasija refiled the document. Neither Hasija nor appellant Deepa Hasija MD PLLC answered the complaint, and the district court ultimately entered a default judgment against them. The district court later denied appellants' motions to set aside the default judgment and this appeal followed. We denied respondent's motion to dismiss this appeal, explaining that the issues that may be raised in this appeal "are limited to challenges to the order denying the second motion to vacate the judgment." *Hasija v. Med. Rev. Sols., LLC*, Docket No. 82212

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-24303

(Order Denying Motion and Reinstating Briefing, Jan. 25, 2021). After briefing, this court ordered the parties to submit supplemental briefing to address the following: (1) whether Hasija made an appearance that entitled her to notice and a hearing on respondent's application for default judgment under NRCP 55(b)(2), and (2) whether this issue was raised below or forfeited. *See id.* (Order Directing Supplemental Briefing, Mar. 11, 2022).

In response to our order directing supplemental briefing, respondent argues that this court may not reach the issue of whether appellants were entitled to notice and a hearing under NRCP 55(b)(2) and EDCR 2.70(b)(2) because they did not raise this issue below; and more specifically, did not raise it in their second motion to vacate, to which this court has limited the appeal. We agree.

As noted above, this court's order reinstating briefing limited the appellate issues to those raised by appellants in their second motion to vacate. Those arguments include whether that the district court should set aside the default judgment because their failure to file a timely responsive pleading was due to excusable neglect, and whether the district court was required to deem Hasija's affidavit as submitted when she attempted to file due to a "technical error." Because appellants did not raise the issue of whether either appellant made an appearance in the action such that they were entitled to notice and a hearing under NRCP 55(b)(2) in their second motion to vacate, we decline to address this argument. In so holding, we necessarily reject appellants' invitation to adopt the test outlined by the First Circuit Court of Appeals in *National Association of Social Workers v. Harwood*, for determining whether to address an issue on appeal which was not raised below. 69 F.3d 622, 627 (1st Cir. 1995).

Nevertheless, appellants argue that even if we decline to address the notice and hearing issue, the district court should have granted

their motion for relief from the default judgment under NRCP 60(b)(1) because it was based on Hasija mistakenly filing an improperly formatted document. *See* NRCP 60(b)(1) (allowing a court to set aside a judgment that is based on a mistake or excusable neglect). More specifically, they argue that EDCR 8.10(b) required the district court to treat the document as if it were filed the day a responsive pleading was due. *See* EDCR 8.10(b) (providing that, if technical problems with the court's electronic filing system delay the filing of a document, the court "must" treat the document as filed on the day the filer attempted to file it). But for the mistake in filing, appellants argue that the court would have granted them additional time to answer the complaint rather than entering a default judgment. We review the denial of NRCP 60(b) relief for an abuse of discretion, *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 469, 469 P.3d 176, 179 (2020), but review de novo the interpretation of EDCR 8.10, *see Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015) (holding that where a district court's decision relies on interpretation of court rules, we review de novo).

Appellants' argument lacks merit. As counsel for appellants conceded below, the EFS rejected the document requesting additional time because it was improperly formatted. This does not constitute a technical problem under EDCR 8.10, as the plain language of the rule is limited to where "technical problems *with the EFS* preclude the court from accepting electronic filings." (Emphasis added.) Moreover, even if this argument had merit, it would not warrant relieving the PLLC from the default judgment. Hasija filed the document pro se and the PLLC never sought additional time to file an answer.[2] *See Salman v. Newell*, 110 Nev. 1333, 1336, 885 P.2d

---

[2]Indeed, the PLLC's first appearance in the action was a motion to set aside the default judgment.

607, 608 (1994) (providing that a proper person litigant may represent themselves in court, but that only attorneys may represent companies and other entities). Because appellants' EDCR 8.10 argument lacks merit, and their second motion to vacate was premised on this rule, we conclude that the district court did not abuse its discretion by denying appellants' request for NRCP 60(b)(1) relief. *See Willard*, 136 Nev. at 469, 469 P.3d at 179.

Additionally, we conclude that appellants did not otherwise establish grounds for NRCP 60(b)(1) relief because they did not promptly apply to remove the judgment, there was no lack of knowledge of the procedural requirements for when a responsive pleading is due, and the merits of the case are not at issue because only the extent of damages would remain. *See id.* at 470, 469 P.3d at 179 (quoting *Yochum v. Davis*, 98 Nev. 484, 653 P.2d 1215 (1982)) (outlining the relevant factors for determining whether grounds for NRCP 60(b)(1) relief exists). Appellants did not promptly apply to remove the judgment; they did not challenge the entry of default and instead waited several months to claim excusable neglect.[3] Additionally, because appellants' arguments regarding EDCR 8.10 lack merit, and because appellants thus can only challenge the entry of default judgment, the merits of the case are not at issue, only the extent of damages. *See Est. of Lomastro v. Am. Fam. Ins. Grp.*, 124 Nev. 1060, 1068, 195 P.3d 339, 345 (2008) ("Entry of default . . . generally resolves the issues of

---

[3]Notably, appellants could have challenged the default on the same grounds that they now use to challenge the default judgment. *See* NRCP 55(c) (providing that a district court may set aside default upon a showing of good cause); *Tahoe Vill. Realty v. DeSmet*, 95 Nev. 131, 134, 590 P.2d 1158, 1160 (1979) (holding that "good cause" under NRCP 55(c) encompasses the "mistake, inadvertence, surprise or excusable neglect" referred to in Rule 60(b)(1)), *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987).

liability and causation and leaves open only the extent of damages."). And appellants fail to demonstrate that there was "a lack of knowledge of procedural requirements." To the contrary, the record reflects that Hasija understood that she was required to file a responsive pleading, and indeed, attempted to file such a document.[4] As there was a valid entry of default, and appellants fail to demonstrate an NRCP 60(b)(1) ground occurring after entry of default that led to the default judgment, we conclude that the district court did not abuse its discretion by denying appellants' motion. *See Willard,* 136 Nev. at 469, 469 P.3d at 179. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.                         _____, Sr.J.
Hardesty                                     Gibbons


cc:     Hon. Mark R. Denton, District Judge
        Kristine M. Kuzemka, Settlement Judge
        Nicholas R. Shook
        Garg Golden Law Firm
        Eighth District Court Clerk

---

[4]We have reviewed appellants' additional arguments and conclude that they lack merit and/or were not raised as part of appellants' second motion to vacate the default judgment. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.