139 Nev., Advance Opinion 52

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LARRY J. WILLARD, INDIVIDUALLY AND AS TRUSTEE OF THE LARRY JAMES WILLARD TRUST FUND; AND OVERLAND DEVELOPMENT CORPORATION, A CALIFORNIA CORPORATION, Appellants, vs. BERRY-HINCKLEY INDUSTRIES, A NEVADA CORPORATION; JERRY HERBST, AN INDIVIDUAL; AND TIMOTHY P. HERBST, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JERRY HERBST, DECEASED, Respondents. | No. 83640 |

**FILED**

NOV 30 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

| | |
|---|---|
| LARRY J. WILLARD, INDIVIDUALLY AND AS TRUSTEE OF THE LARRY JAMES WILLARD TRUST FUND; AND OVERLAND DEVELOPMENT CORPORATION, A CALIFORNIA CORPORATION, Appellants, vs. BERRY-HINCKLEY INDUSTRIES, A NEVADA CORPORATION; JERRY HERBST, AN INDIVIDUAL; AND TIMOTHY P. HERBST, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JERRY HERBST, DECEASED, Respondents. | No. 84848 |

23-38818

Consolidated appeals from district court orders denying NRCP 60(b) relief. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

*Affirmed.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Robertson, Johnson, Miller & Williamson and Richard D. Williamson and Jonathan J. Tew, Reno,
for Appellants.

Dickinson Wright, PLLC, and John P. Desmond, Brian R. Irvine, and Anjali D. Webster, Reno,
for Respondents.

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, STIGLICH, C.J.:

In this opinion, we consider whether the district court abused its discretion in denying appellants relief under NRCP 60(b)(1), NRCP 60(b)(5), and NRCP 60(b)(6). We have not previously resolved whether an order of dismissal applies "prospectively" for purposes of NRCP 60(b)(5) and today conclude that it does not.

The underlying proceedings commenced with a complaint sounding in breach of contract. After appellants generally failed to prosecute their case, the district court granted respondents' motion for sanctions, dismissing the case with prejudice. Appellants moved for NRCP 60(b)(1) relief, which the district court denied. In a first appeal, this court

reversed and remanded for the district court to make findings as to the factors set forth in *Yochum v. Davis*, 98 Nev. 484, 653 P.2d 1215 (2018). *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 471, 469 P.3d 176, 180 (2020). On remand, the district court again denied the NRCP 60(b)(1) motion, now providing detailed findings as to the *Yochum* factors. The district court also denied a subsequent motion for relief under NRCP 60(b)(5) or NRCP 60(b)(6). Appellants appealed both denial orders, and we have consolidated the appeals.

As to the denial of appellants' NRCP 60(b)(1) motion, we conclude that the district court's decision is supported by substantial evidence and therefore does not constitute an abuse of discretion. As to NRCP 60(b)(5), we follow persuasive federal authority and clarify that orders of dismissal are not "prospective" within the meaning of the rule. Therefore, NRCP 60(b)(5) was not an appropriate vehicle by which appellants could obtain relief. Finally, we conclude that the district court did not abuse its discretion in denying relief under NRCP 60(b)(6), given that appellants sought relief on a basis that was cognizable under NRCP 60(b)(1), which is mutually exclusive from NRCP 60(b)(6) relief. Accordingly, we affirm the district court's orders denying NRCP 60(b) relief.

## FACTS AND PROCEDURAL HISTORY

Appellants Larry J. Willard and the Overland Development Corporation (collectively, Willard) sued respondents Berry-Hinckley Industries and Jerry Herbst[1] (collectively, Berry-Hinckley) on claims sounding in breach of contract. After three years of Willard failing to comply with discovery requirements and various court orders and otherwise

---

[1]Timothy P. Herbst is participating in this matter as special administrator of the estate of Jerry Herbst, who passed away in 2018.

failing to prosecute the case, Berry-Hinckley moved for sanctions, seeking dismissal with prejudice. Willard did not oppose, and the district court granted the motion. Willard did not appeal the sanctions order.

Willard moved to set aside the sanctions order under NRCP 60(b)(1) based on excusable neglect. He argued that mental health issues had caused his lead attorney, Brian Moquin, to constructively abandon the case, ultimately resulting in the dismissal of the action. The district court denied Willard's motion without addressing the factors set forth in *Yochum*, and Willard appealed.

In resolving the appeal, we held that when determining whether NRCP 60(b)(1) relief is warranted, the district court must address the *Yochum* factors regardless of whether the movant seeks relief from an order or a judgment. *Willard*, 136 Nev. at 470, 469 P.3d at 179. We concluded that the district court abused its discretion by failing to set forth findings as to the *Yochum* factors, reversed the district court's order denying Willard's NRCP 60(b)(1) motion, and remanded the case for further proceedings. *Id.* at 471, 469 P.3d at 180.

Berry-Hinckley moved for en banc reconsideration. This court denied reconsideration but clarified that the parties were precluded from presenting new evidence or arguments on remand and that the district court's consideration of the *Yochum* factors was limited to the record currently before the court.

On remand, the district court held a status hearing and requested proposed orders from the parties. The district court subsequently issued an order denying Willard's NRCP 60(b)(1) motion with consideration of the *Yochum* factors. Willard appealed the order denying the NRCP 60(b)(1) motion.

While that appeal was pending, Willard moved for relief under NRCP 60(b)(5) or (6). Willard explained that attorney Moquin had admitted he violated the rules of professional conduct with regard to Willard's case in a guilty plea entered pursuant to attorney discipline proceedings. *In re Discipline of Moquin*, No. 78946, 2019 WL 5390401 (Nev. Oct. 21, 2019) (Order Approving Conditional Guilty Plea Agreement and Enjoining Attorney From Practicing Law in Nevada). Willard argued that Moquin's admissions constituted a change in conditions that made application of the sanctions order prospectively no longer equitable and thus that relief was warranted under NRCP 60(b)(5). Willard also argued that Moquin's admissions constituted new evidence of the mental illness that allegedly caused Moquin's failures during the district court proceedings and that relief was warranted on that basis. The district court denied Willard's motion. The court ruled that NRCP 60(b)(5) relief was not warranted because the guilty plea did not constitute a significant change in factual conditions and that NRCP 60(b)(6) relief was not available because Willard's allegations sounded in excusable neglect under NRCP 60(b)(1). It alternatively ruled that Willard did not show extraordinary circumstances to justify reopening the case. Willard appealed the district court order denying the motion seeking relief pursuant to NRCP 60(b)(5) and (6). We have consolidated Willard's appeals.

## DISCUSSION

*Standard of review*

We review a district court's decision "to grant or deny a motion to set aside a judgment under NRCP 60(b)" for abuse of discretion. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). An abuse of discretion occurs when the district court's decision is not supported by substantial evidence, which is evidence that a reasonable mind might accept as

SUPREME COURT
OF
NEVADA

(O) 1947A

adequate to support a conclusion, *see Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev. 799, 805, 312 P.3d 491, 496 (2013), or when the district court disregards established legal principles, *Willard*, 136 Nev. at 469, 469 P.3d at 179.

*The district court did not abuse its discretion in denying relief under NRCP 60(b)(1)*

Willard argues that the district court misapplied the *Yochum* factors, as each factor favored granting the NRCP 60(b)(1) motion. Berry-Hinckley counters that the district court correctly considered and applied each of the *Yochum* factors.

Under NRCP 60(b)(1), a district court "may relieve a party . . . from a final judgment, order, or proceeding" on grounds of "mistake, inadvertence, surprise, or excusable neglect." An NRCP 60(b)(1) movant bears the burden of establishing, by a preponderance of the evidence, that such grounds for relief exist. *See Willard*, 136 Nev. at 470, 469 P.3d at 179-80. To determine whether such grounds for relief exist, the district court must consider the following four factors, set forth by this court in *Yochum*: "(1) a prompt application to remove the judgment; (2) the absence of an intent to delay the proceedings; (3) a lack of knowledge of procedural requirements; and (4) good faith." *Id.* at 470, 469 P.3d at 179 (quoting *Yochum*, 98 Nev. at 486, 653 P.2d at 1216). The district court "must issue express factual findings, preferably in writing, pursuant to each *Yochum* factor." *Id.* at 468, 469 P.3d at 178. And the district court must consider Nevada's policy of "decid[ing] cases on the merits whenever feasible when evaluating an NRCP 60(b)(1) motion." *Id.* at 470, 469 P.3d at 179.

While the district court found that Willard filed the NRCP 60(b)(1) motion promptly with respect to the first *Yochum* factor, it concluded that the *Yochum* factors as a whole weighed against granting relief. We conclude that substantial evidence supports the district court's findings and that the district court did not abuse its discretion in denying Willard NRCP 60(b)(1) relief.

We note that neither party contests the district court's finding on the first factor on appeal. As to the second *Yochum* factor, the district court found, given Willard's failures to comply with procedural obligations and other conduct causing delay, intent to delay proceedings. The record supports this finding. Willard's initial disclosures did not provide a computation of alleged damages, which was required by NRCP 16.1(a)(1)(A)(iv) and necessary to enable Berry-Hinckley to complete discovery. Larry J. Willard personally appeared at least once at a hearing at which this deficiency was addressed and thus knew of this omission, which contributed to the delay. Willard also failed to respond to interrogatories, requiring Berry-Hinckley to move to compel, and failed to oppose Berry-Hinckley's motion for sanctions, even after the district court urged him to respond. *See Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 658, 428 P.3d 255, 258 (2018) ("[Appellant] should have inferred the consequences of not opposing the motion to dismiss, especially in light of the court's express warning to take action."); *see also Kahn v. Orme*, 108 Nev. 510, 514, 835 P.2d 790, 793 (1992) (concluding that a party did not show an absence of intent to delay proceedings where the party did not oppose a motion for a default judgment, among other considerations), *overruled on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 950 P.2d 771 (1997), *as recognized in Rodriguez*, 134 Nev. at 657, 428 P.3d at 258. Willard further

failed to timely and properly disclose his expert witness. Willard's noncompliance with discovery requirements and court orders required extending trial and discovery deadlines numerous times. While Willard argues that Moquin's mental illness supported finding excusable neglect, Willard knew that Moquin was not responding to communications, and many procedural deficiencies occurred before the sanctions order was entered, but Willard took no measures to replace Moquin as counsel. *See Kahn*, 108 Nev. at 515, 835 P.2d at 793 (admonishing that the "failure to obtain new representation or otherwise act on his own behalf is inexcusable" in reviewing appellant's knowledge of procedural requirements). Willard has not shown that the district court's findings as to this factor were not supported by substantial evidence. *See Rodriguez*, 134 Nev. at 658, 428 P.3d at 258 (inferring an intent to delay proceedings from a party's earlier conduct).

As to the third *Yochum* factor, the district court found that the record showed Willard knew the relevant procedural requirements. A party is held to know the procedural requirements where the facts establish either knowledge or legal notice, the party should have inferred the consequences of failing to act, or the party's attorney acquired legal notice or knowledge. *See Stoecklien v. Johnson Elec., Inc.*, 109 Nev. 268, 273, 849 P.2d 305, 308 (1993). As noted, Willard personally attended at least one hearing where the court discussed the discovery violations and ordered that an updated NRCP 16.1 damages disclosure be filed by a certain date. At the hearing on Willard's NRCP 60(b)(1) motion, Willard's counsel acknowledged that "Willard [had] been here and [had] been involved." He further explained that "candidly, [Willard did] know that things needed to be filed" and that Willard had been "an active participant" in the case. Willard also texted

attorney Moquin about deadlines. The court also found that Willard was represented by two attorneys, who participated in multiple communications with the court related to procedural requirements, and Willard does not argue that his attorneys were unaware of procedural requirements. Willard's contention that his reliance on Moquin establishes that he was unaware of his procedural obligations is belied by the record. Willard has not shown the district court's findings as to this factor were not supported by substantial evidence.

As to the fourth *Yochum* factor, the district court found that Willard failed to show that he acted in good faith given the evidence demonstrating an intent to delay the proceedings and which supported issuance of the sanctions order. "Good faith is an intangible and abstract quality with no technical meaning or definition and encompasses, among other things, an honest belief, the absence of malice, and the absence of design to defraud." *Stoecklien*, 109 Nev. at 273, 849 P.2d at 309. The court may look to a party's conduct in the proceedings in ascertaining good faith. *See id.* (observing that, while the underlying action alleged fraud, the record did not show that appellant perpetrated a fraud in the court proceedings). The district court noted its previous findings that Willard knew the relevant procedural requirements and intended to delay the proceedings and that multiple willful violations had justified the issuance of the sanctions order. The court also found that after three years of failing to comply with the rules of civil procedure, and with only four weeks remaining for discovery, Willard moved for summary judgment, alleging new bases for damages. And it found that the new damages request was based on information that Willard had possessed throughout the proceedings and that Willard's conduct was intentional, strategic, and in bad faith. The court likewise found that the

failure to disclose NRCP 16.1 damages was done in bad faith. Although Willard argues for good faith on the premise that Moquin's personal hardships were responsible for the procedural failings, the record shows that Willard continued to retain Moquin after becoming aware of discovery and disclosure violations.[2] The initial disclosure regarding damages was deficient, Willard knew of the deficiency by February 2015 at the latest, and Willard retained Moquin through 2017. Willard has not shown that the district court's findings as to this factor were not supported by substantial evidence.

Finally, the district court acknowledged Nevada's policy of adjudicating cases on the merits but found that Willard had frustrated that policy by failing to provide damages calculations or expert disclosures and thus could not "hide behind" it. This policy "is not absolute and must be balanced against countervailing policy considerations, including the public's interest in expeditious resolution of [cases], the parties' interests in bringing litigation to a final and stable judgment, prejudice to the opposing side, and judicial administration concerns, such as the court's need to manage its sizeable and growing docket." *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. 196, 198, 322 P.3d 429, 430-31 (2014). The court found

---

[2]Willard argues that the district court improperly excluded certain evidence of Moquin's mental illness. Having reviewed the arguments in this regard, we conclude that Willard has not shown that the district court abused its discretion. *See Frei ex rel. Litem v. Goodsell*, 129 Nev. 403, 408-09, 305 P.3d 70, 73 (2013) (reviewing the district court's decision to exclude evidence for abuse of discretion). Even assuming that the district court had improperly excluded this evidence, Willard has not shown relief would be warranted given his continued retention of Moquin after deficiencies became apparent. *See Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010) ("When an error is harmless, reversal is not warranted.").

that Berry-Hinckley served multiple rounds of discovery requests but Willard, by failing to provide threshold information necessary to resolve the claims alleged, impeded a merits resolution. Substantial evidence supports this finding, and Willard has not shown that the district court abused its discretion in concluding Nevada's policy in favor of adjudicating cases on the merits did not warrant granting the NRCP 60(b)(1) motion here.[3] *See Lentz v. Boles*, 84 Nev. 197, 200, 438 P.2d 254, 256-57 (1968) ("Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity."). We therefore affirm the district court's order denying Willard NRCP 60(b)(1) relief.[4]

---

[3]Willard invokes *Passarelli v. J-Mar Development, Inc.*, 102 Nev. 283, 720 P.2d 1221 (1986), to argue that Moquin abandoned his representation and that the matter should be resolved on the merits. However, *Passarelli* presents significantly different facts. In *Passarelli*, the attorney ceased performing job functions due to substance abuse, and the record did not show that Passarelli had knowledge of his attorney's abandonment until the damage had been done. 102 Nev. at 285-86, 720 P.2d at 1223. Here, Moquin appeared at status hearings, participated in depositions, filed motions and other papers, and participated in oral arguments before abandonment occurred in December 2017. Numerous instances of failure to comply with discovery requirements and court orders preceded December 2017, and thus allowing the dismissal to stand did not unjustly frustrate the policy favoring disposition on the merits.

[4]Willard also argues the district court violated this court's mandate on remand when the district court purportedly allowed Berry-Hinckley to raise new arguments through a proposed order that applied the *Yochum* factors because its opposition to Willard's NRCP 60(b)(1) motion did not analyze those factors. We limited the remand to considering the *Yochum* factors based on the record then before the district court without any new evidence or arguments. *Willard v. Berry-Hinckley Indus.*, Docket No. 77780 (February 23, 2021) (Order Denying En Banc Reconsideration). Berry-Hinckley's proposed order applied the *Yochum* factors based on the record already before the court and did not introduce new arguments. Had the

*Orders of dismissal are not "prospective" and therefore do not fall within the purview of NRCP 60(b)(5) relief*

Willard argues that NRCP 60(b)(5) provides a ground for relief based on "significant" changes in both legal and factual circumstances. Willard explains that Moquin admitted to violating the rules of professional conduct during Willard's case by way of a conditional guilty plea in attorney discipline proceedings. Willard argues that therefore it is no longer equitable to maintain the sanctions order of dismissal. Berry-Hinckley counters that orders of dismissal are not "prospective" and thus cannot be set aside under NRCP 60(b)(5).

NRCP 60(b)(5) permits a district court to relieve a party from an order if "applying [the order] prospectively is no longer equitable." This court has yet to address the meaning of "prospective" under NRCP 60(b)(5), but "[w]here the Nevada Rules of Civil Procedure parallel the Federal Rules of Civil Procedure, rulings of federal courts interpreting and applying the federal rules are persuasive authority for this court in applying the Nevada Rules." *Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 285 n.2, 357 P.3d 966, 970 n.2 (Ct. App. 2015).

The federal circuit courts of appeal agree that orders of dismissal do not apply prospectively within the meaning of the federal counterpart to NRCP 60(b)(5). *See Tapper v. Hearn*, 833 F.3d 166, 171 (2d Cir. 2016) (collecting circuit court cases universally holding "that a judgment or order of dismissal or a judgment or order denying a plaintiff injunctive relief . . . does not apply prospectively within the meaning of Rule 60(b)(5)"). To that end, the Second Circuit Court of Appeals held that "a

proposed order failed to address *Yochum*, it would have violated our mandate. Willard has not shown that the district court erred in this regard.

SUPREME COURT
OF
NEVADA

(O) 1947A

final judgment or order has prospective application for purposes of Rule 60(b)(5) only where it is executory or involves the supervision of changing conduct or conditions." *Id.* at 170-71 (internal quotation marks omitted).

We agree with the interpretation put forward by the federal courts. As the D.C. Circuit has explained, "[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). "That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Id.* Accordingly, we clarify that orders of dismissal are not prospective within the meaning of NRCP 60(b)(5). *See id.* at 1139 ("[I]t is difficult to see how an unconditional dismissal could ever have prospective application within the meaning of Rule 60(b)(5).").

Here, the sanctions order is not prospective within the meaning of NRCP 60(b)(5) because it dismissed Willard's case with prejudice. NRCP 60(b)(5) was therefore not an appropriate vehicle by which Willard could seek relief. We acknowledge that the district court did not rely on this analysis in denying Willard's 60(b)(5) motion, but we affirm the district court's order denying NRCP 60(b)(5) relief because it nevertheless reached the correct outcome. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (affirming the district court where it reached the correct result, albeit for the wrong reason).

*The district court did not abuse its discretion in denying Willard's request for relief under NRCP 60(b)(6)*

Willard argues the district court abused its discretion in denying relief under NRCP 60(b)(6). Willard asserts the NRCP 60(b)(6) motion is based on attorney Moquin's willful misconduct rather than on excusable neglect. Berry-Hinckley counters that Willard's motion falls within the scope of NRCP 60(b)(1) and therefore Willard cannot seek NRCP 60(b)(6) relief.[5]

Under NRCP 60(b)(6), a district court may relieve a party from an order for "any other reason that justifies relief." NRCP 60(b)(6) relief, however, is available only under extraordinary circumstances. *Vargas v. J Morales Inc.*, 138 Nev., Adv. Op. 38, 510 P.3d 777, 781 (2022). And relief may not be sought under NRCP 60(b)(6) where it would have been available under the provisions of NRCP 60(b)(1)-(5). *Id.*

-----

[5]Berry-Hinckley also argues that Willard's motion was not filed within a reasonable time, as it was filed more than two years after the conditional guilty plea on which it was predicated. A motion for NRCP 60(b)(6) relief must be "made within a reasonable time." NRCP 60(c)(1). The reasonableness of the timing of an NRCP 60(b)(6) motion depends on the facts of the case and may include, but is not limited to, considerations such as "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *See United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660-61 (1st Cir. 1990) (interpreting the federal analog to NRCP 60(b)(6)). Given that the district court denied the motion on a different basis and did not make findings as to whether the NRCP 60(b)(6) motion was filed within a reasonable time, we decline to address this matter for the first time on appeal. See *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev. 369, 386, 399 P.3d 334, 349 (2017) (declining to consider an issue that would require the appellate court to engage in factfinding, which is more properly the province of district courts).

SUPREME COURT
OF
NEVADA

(O) 1947A

The district court found that Willard's motion was based on the allegation of Moquin's mental illness and its effect on Moquin's representation of Willard. It therefore concluded that NRCP 60(b)(6) relief was precluded because the motion was based on another ground delineated in NRCP 60(b), namely, NRCP's 60(b)(1)'s "excusable neglect." The record supports the district court's ruling. Willard argued that Moquin's conditional guilty plea was new evidence of the mental illness that purportedly resulted in Moquin's failures throughout the district court proceedings. In other words, Willard argued in his NRCP 60(b)(6) motion that this additional evidence reinforced his argument for excusable neglect. As NRCP 60(b)(1) and NRCP 60(b)(6) are mutually exclusive, NRCP 60(b)(6) relief was not available for this repackaged claim of excusable neglect. Willard therefore has not shown that the district court abused its discretion in denying NRCP 60(b)(6) relief.[6]

## CONCLUSION

The district court did not abuse its discretion in denying Willard's requests for relief under NRCP 60(b). The district court's findings

---

[6]Willard presents a number of arguments challenging the district court's sanctions order. Willard summarily argues that "[b]ecause the district court denied relief on remand, [Willard's] additional contentions are again ripe for this court's consideration in this appeal." We disagree. Willard voluntarily dismissed his challenge to the district court's sanctions order in his previous appeal, and he cannot revive those claims now. *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 471 n.7, 469 P.3d 176, 180 n.7 (2020). Furthermore, Willard failed to appeal the final judgment in this case, and the sanctions order is not reviewable in this appeal from the orders denying post-judgment relief. *Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1378-79 (1987).

as to NRCP 60(b)(1) and NRCP 60(b)(6) are supported by substantial evidence. As to NRCP 60(b)(5), we hold that orders of dismissal are not prospective within the meaning of that rule. Accordingly, NRCP 60(b)(5) was not an appropriate vehicle by which Willard could seek relief. In light of the foregoing, we affirm the district court's orders denying Willard's motions to set aside the sanctions order.

_____, C.J.
Stiglich

We concur:

_____, J.
Cadish

_____, J.
Herndon

_____, J.
Parraguirre

_____, J.
Pickering

_____, J.
Lee

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A